# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| BATES ENERGY OIL & GAS, LLC, | ) |
| Plaintiff, | ) ) ) |
| VS. | ) Civil Action No. SA-17-CA-808-XR ) |
| COMPLETE OIL FIELD SERVICES, LLC and SAM TAYLOR, | ) ) ) |
| Defendants. | ) ) |

## ORDER

On this date, the Court considered Defendant Complete Oil Field Services LLC's amended Notice of Removal and response to the Court's Show Cause Order.

Plaintiff Bates Energy Oil & Gas, LLC filed this action in state court against Defendants Complete Oil Field Services, LLC ("COFS") and Sam Taylor. Bates sues COFS for breach of contract and sues Taylor for tortious interference with contract. COFS filed a Counterclaim against Bates for declaratory judgment, rescission, fraud, breach of contract, equitable accounting, and theft, and sought a writ of attachment to protect an escrow account. Defendants then removed this case, alleging diversity jurisdiction. After removal, Defendant COFS filed an "Original Third Party Complaint," asserting claims against new parties Equity Liaison Company ("ELC") and its principal/agent Dewayne D. Naumann for breach of the Escrow Agreement, breach of fiduciary duty, "restitution and money had and received," and equitable accounting.

Because Defendants had not adequately alleged facts establishing the existence of diversity jurisdiction, the Court issued an Order directing them to file an Amended Notice of Removal that adequately demonstrated the existence of diversity jurisdiction. And because the third-party action was filed in violation of Rule 14's procedural and substantive requirements, the Court directed COFS

-1-

to show cause why the Third Party Complaint should not be dismissed. Defendants timely responded to both orders.

For jurisdiction, the Court noted two issues. First, both Plaintiff Bates and Defendant COFS are LLCs, yet the Notice of Removal did not distinctly and affirmatively allege the citizenship of their members. Thus, the Court was unable to determine whether there was complete diversity of citizenship. Second, neither the existence of diversity of citizenship nor the amount in controversy had been demonstrated for the Court to exercise jurisdiction over the claim by Bates against Taylor.

The Amended Notice of Removal sufficiently pleads the existence of diversity jurisdiction. The Amended Notice of Removal asserts that the sole member of Bates Energy is Blair Bates, an individual, who is a citizen of Texas.[1] It further asserts that COFS has three individual members, all of whom are citizens of Utah, and that Defendant Taylor is a citizen of Utah. Thus, diversity of citizenship exists. Further, the claim by Bates against COFS clearly exceeds the $75,000 threshold, and under § 1441(a) this is an action in which the Court would have had original diversity jurisdiction under § 1332.[2]

With regard to the claim by Bates against Taylor, the Court noted that, because Bates did not appear to be asserting joint liability against COFS and Taylor, the claims could not be aggregated for amount in controversy purposes. Even if original diversity jurisdiction existed as to the claim against COFS, it had not been established as to the claim against Taylor, and no basis for

---

[1] The Court notes that the Certificate of Formation of Limited Liability Company dated February 14, 2017 (docket no. 4-5) shows Blair Bates's address as being in Colorado. But whether he is a citizen of Texas or Colorado, there is complete diversity.

[2] "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

supplemental jurisdiction appeared to exist.[3] Defendants contend that the amount in controversy for the tortious interference claim exceeds $75,000, based on testimony before the state court during the temporary injunction proceedings.[4] Specifically, they note Bates's counsel's testimony that Bates lost profits and that Bates's COO testified they lost at least five suppliers, including CSI. With

---

[3] In the Amended Notice of Removal, Defendants contend that there is supplemental jurisdiction over the claim by Bates against Taylor. Docket no. 7 ¶¶ 12-13. However, such a conclusion would appear to be precluded by *Allapattah* and a literal reading of § 1367. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 560 (2005) ("§ 1367(b) explicitly excludes supplemental jurisdiction over claims against defendants joined under Rule 20"); 28 U.S.C. § 1367(b) ("In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 . . . when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332."). The Fifth Circuit held in *Griffin v. Lee*, 621 F.3d 380, 387 (5th Cir. 2010) that lack of complete diversity *and* the presence of an amount in controversy less than $75,000 are both inconsistent with the jurisdictional requirements of § 1332). *See Combs v. Southland Process Group, L.L.C.*, No. 17-0239, 2017 WL 3405321 (W.D. La. July 10, 2017) (reading *Griffin* to hold that lack of amount in controversy is inconsistent with section 1332 and thus precludes supplemental jurisdiction even if diversity of citizenship exists); *see also Nastasi v. Lari*, No. 15-CV-06066, 2017 WL 943935 (E.D.N.Y. March 9, 2017) (same, and citing additional cases); *Am. Bldg. Maint. v. 1000 Water Street Condominium Ass'n*, 9 F. Supp. 2d 1028 (E.D. Wis. 1998); Rutter Group Practice Guide: Federal Civil Procedure Before Trial §§ 2:1904, 2:1905.

    The Court acknowledges that the issue of whether the lack of amount in controversy in Bates's claim against Taylor prevents the exercise of supplemental jurisdiction in this removed case, despite the diversity of citizenship overall and the existence of original jurisdiction over the claim by Bates against COFS, is not entirely clear, given some of the broad language used by the Supreme Court in *Exxon v. Allapattah*. The Federal Practice and Procedure treatise section on amount in controversy in removed actions notes that "the Supreme Court [in *Allapattah*] did not consider the availability of supplemental jurisdiction in actions, filed in state court, having the structure P (diverse from D1 and D2), asserting a claim in excess of $75,000 against D1 but asserting a claim for $75,000 or less against D2" but further noted that "[u]nder the literal terms of § 1367(b), the district courts would not have supplemental jurisdiction over the claim against D2, if D2 was made a party under Federal Civil Rule 19 (a person to be joined in feasible), Federal Civil Rule 20 (a proper party) or Federal Civil Rule 24 (an intervenor). FED. PRAC. & PROC. § 3725.3 (4th ed.). It noted that "[w]hether this makes sense as a policy matter . . . is questionable." *Id.* However, the Court need not resolve this thorny issue because Defendants have sufficiently pleaded facts from which this Court may find at this time that the amount in controversy on the Bates versus Taylor claim likely exceeds $75,000, giving the Court diversity jurisdiction over this claim.

[4] In the amended Notice of Removal, Defendants also argue that Texas law permits joint liability for actual damages if an employee directs or participates in the tortious conduct during his employment, and that the allegations in the petition are that Taylor interfered with Bates's contracts through his employment with COFS and during the execution of the COFS contract with Bates. However, the Court is unsure how the possibility of joint liability on the tortious interference claim against Taylor helps Defendants, since that is the claim for which amount in controversy was unclear.

-3-

respect to CSI, Defendants contend that Bates alleges that COFS improperly obtained 9,200 tons of sand with a resulting lost profit to Bates of $7 per ton, or a total of $64,400. Given that this does not include the lost profits for other supplier deals and the claim for exemplary damages, Defendants contend that the amount in controversy likely exceeds $75,000. The Court agrees, and finds that the amount in controversy is sufficiently established at this time. Accordingly, the Court finds that Defendants have adequately demonstrated the existence of removal jurisdiction at this time.

With regard to COFS's Original Third Party Complaint against ELC and its principal Naumann, COFS states that, despite the fact that it filed this action separately and styled it as a Third Party Complaint, it was not intending to join ELC and Naumann under Rule 14, which governs third-party complaints, but under Rule 20, which governs joinder of parties. Thus, although the pleading was not filed as part of an amended counterclaim, COFS seeks to join ELC and Naumann to its existing counterclaim against Bates.

Rule 13 governs the filing of counterclaims, and Rule 13(h) provides that "Rules 19 and 20 govern the addition of a person as a party to a counterclaim or crossclaim." FED. R. CIV. P. 13(h). Rule 20 provides that persons may be joined in one action as defendants if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences, and any question of law or fact common to all defendants will arise in the action. FED. R. CIV. P. 20.[5]

---

[5] In response to this Court's conclusion that COFS was required to file a motion for leave to file the Third Party Complaint under Rule 14, COFS asserts that it was not required to seek leave of court to file the third-party pleading because it was not proceeding under Rule 14 and no scheduling order is yet in place governing the amending of pleadings. Docket no. 8 at 1. It further asserts that "there appears to be some question about whether a motion and leave is required in order for a party to join additional parties under Rule 20." *Id.* at 4. Under the present circumstances, leave of court was required by Rule 15.

Rule 13 makes clear that additional parties may be joined "to a counterclaim." Because COFS was essentially seeking to amend the counterclaim to join additional parties, the issue is governed by Rule 15, which governs amendments of pleadings and allows a party to amend its pleading without leave only within 21 days after serving it or within 21 days of service of a responsive pleading. FED. R. CIV. P. 15(a); Rule 13 2009 Advisory Comm. Note ("An amendment to add a counterclaim will be governed by Rule 15."). Outside

COFS concedes the confusion created by its pleading method, but cites two cases in which courts have converted such claims into claims under Rule 13(h) and Rule 20 and allowed them to proceed after concluding that the claims could not proceed under Rule 14. In *Baltimore & Ohio Railroad Co. v. Central Railway Services, Inc.*, 636 F. Supp. 782, 786 (E.D. Pa. 1986), the defendant filed counterclaims against the plaintiff and a third-party action against new parties, which the plaintiffs and third-party defendants moved to strike. The court concluded that the third-party claims were improper under Rule 14, but noted that it appeared that the defendants actually intended to join the new parties as defendants to the existing counterclaim against the plaintiff. It noted that the attempt to proceed under Rule 14 "was not an appropriate means to accomplish this end," but that Rule 13(h) would allow the joinder of non-parties as defendants to the counterclaims. *Id.*

In *Superior Performers, Inc. v. Ewing*, No. 1:14-CV-232 (M.D.N.C. Feb. 25, 2015), the defendant filed counterclaims and a third-party action, which the plaintiff and the third-party defendant moved to strike. The defendant argued that the third-party action was a proper third-party claim under Rule 14, but the court rejected that argument. The defendant argued alternatively that the parties could be joined as counterclaim defendants under Rules 19 and 20. The court agreed that

---

the time periods permitting amendments of right, a party may amend its pleading only with the opposing party's written consent or the court's leave. FED. R. CIV. P. 15(a); *21st Century Ins. & Fin. Servs., Inc. v. Tex. Specialty Risk Programs, Inc.*, No. 3:10-CV-2076-M, 2011 WL 1869433, at *1-2 (N.D. Tex. May 13, 2011) (holding that defendant should have sought leave to amend its pleadings under Rule 15 to add counterclaims against third-party defendants); *Travelers Indem. Co. of Am. v. Holtzman Properties*, No. 4:08-CV-351 CAS, 2008 WL 3929574, at *2 (E.D. Mo. Aug. 21, 2008) (defendant was required to seek leave of court to amend its initial counterclaim to join an additional party). Had COFS joined these additional parties with its original counterclaim, no leave of court would have been required. *Northfield Ins. Co. v. Bender Shipbuilding & Repair Co.*, 122 F.R.D. 30, 31 (S.D. Ala. 1988) (discussing cases and the Federal Practice treatise position that leave of court is not required where the new parties are being brought in on a counterclaim raised in the original answer). But *amendments* to pleadings are governed by Rule 15, and Rule 15 requires leave of court outside the specified 21-day periods. This Court's scheduling order does not dispense with the requirements of Rule 15 to file motions to amend or to join parties; it simply sets a deadline for the filing of such motions.

COFS filed its Counterclaim on August 2, and thus it could file an amended counterclaim as of right through August 23. After that time, written consent or leave of Court was required. COFS filed its pleading on August 30, without written consent, and thus a motion for leave to file was required.

the claims could be brought under Rule 20.

However, other courts have not allowed joinder when the causes of action asserted against the non-parties are different from the causes of action asserted in the counterclaim against the plaintiff, holding that non-parties may be joined only to existing causes of action in the counterclaim. In *AllTech Communications LLC v. Brothers*, 601 F. Supp. 2d 1255 (N.D. Okla. 2008), the defendant filed third-party claims, and after a motion to dismiss the third-party claims was filed on the basis that the claims did not comply with Rule 14, the defendant filed a motion for leave to amend the counterclaim pursuant to Rule 15(a) to add the claims. After agreeing that the claims were not proper under Rule 14, the court rejected the motion to amend under Rule 15 as well, holding that "[t]he weight of authority holds that Rule 13(h) cannot be used to assert a counterclaim or crossclaim solely against an unnamed party." *Id.* at 1260.

The court cited the Federal Practice and Procedure treatise, which states, "It should be noted that courts generally have interpreted Rule 13(h) as authorizing the joinder of parties only for the purposes of adjudicating counterclaims or crossclaims that already have been interposed in the action or that are being asserted simultaneously with the motion to add the new parties." FED. PRAC. & PROC. § 1434. "This means that a counterclaim or crossclaim may not be directed solely against persons who are not already parties to the original action, but must involve at least one existing party." *Id.* § 1435. "If it is not directed to an existing party, neither the counterclaim nor the party to be added will be allowed in the action." *Id.* The *Alltech* court construed this language and the language of Rule 13 to mean that there must be "common claims asserted against" the plaintiff and the non-parties in the counterclaim, not different claims. *Alltech*, 601 F. Supp. 2d at 1261.

The *Alltech* court noted that the court in *Various Markets, Inc. v. Chase Manhattan Bank*, 908 F. Supp. 459, 471 (E.D. Mich. 1995) had relied on the same language in the Federal Practice treatise to conclude that different claims could be asserted against non-parties under Rule 13(h) and

Rule 20, so long as there was an existing or simultaneously filed counterclaim against an existing party. It noted that the court "apparently interpreted the phrase 'counterclaim' to refer to a pleading or document rather than an individual claim for relief, such that a counterclaim asserted against a non-party is authorized so long as it is contained within the same document or pleading as counterclaims asserted against existing parties" but concluded that the "better interpretation" would be "that each individual counterclaim against a non-party must also be asserted against an existing party, rather than merely asserted in the same pleading as those asserted against existing parties." *Id.* at 1261 n.3.

Some courts, including one from the Northern District of Texas, have agreed with *Alltech*. In *NatureSweet, Ltd. v. Mastronardi Produce, Ltd.*, No. 3:12-CV-1424, 2013 WL 460068 (N.D. Tex. Feb. 6, 2013), the defendant filed a counterclaim against the plaintiff, then sought leave to amend to assert additional counterclaims against the plaintiff and to assert different claims against a third-party defendant. The court permitted the defendant to assert additional counterclaims against the plaintiff, but agreed with *Alltech* that third parties could be joined only to existing counterclaims as causes of action.

Thus, there is disagreement whether Rule 13(h) permits joinder of additional parties to a "counterclaim" as a pleading or whether it only permits joinder of additional parties to the specific causes of action against existing plaintiffs. The Court disagrees with *Alltech*, and finds that parties may be joined to the counterclaim as a pleading if permitted under Rule 19 or 20, regardless of whether they are defendants to the same causes of action asserted against the plaintiffs. The Committee Notes to the 1966 revision state that Rules 19 and 20 "are to be applied in the usual fashion." Rule 20 permits joinder of defendants to an action even if the causes of action asserted against the new defendants are different from the claims against existing defendants. And as the Federal Practice treatise notes, courts typically have construed Rule 13(h) liberally in an effort to

avoid multiplicity of litigation and foster judicial economy, and the main purpose of Rule 13(h) is to dispose of an action in its entirety and to grant complete relief to all concerned parties. FED. PRAC. & PROC. § 1434. Thus, in this circumstance, Rule 13 requires only a counterclaim against an existing party. If that exists, additional parties may be joined as counterclaim defendants in accordance with Rule 19 and 20, even if different causes of action are asserted against them. *Cf. State Nat'l Ins. Co. v. Yates*, 391 F.3d 577 (5th Cir. 2004) (insurer sued insured for declaratory judgment; insured counterclaimed against insurer for breach of contract and bad faith and asserted claims for negligence against additional party, the insurance agent; the court held that joinder was under Rule 19 and that there was supplemental jurisdiction over the claim by insured against the agent).

COFS argues that the Rule 20 requirements are met with regard to the joinder of ELC and Naumann to its existing counterclaim against Bates. It asserts that this entire dispute revolves around the proper application of the escrow funds and there is suspicion that ELC and Bates are acting in collusion. It states that it is seeking relief against both Bates Energy and ELC/Naumann arising out of the escrow agreements in issue, including declaratory relief requiring the disbursement of all funds held in escrow to COFS, and the relief sought from both parties arises out of the same series of transactions or occurrences. It also asserts that questions of law and fact are common to COFS's claims against both parties, including the current legal viability and interpretation of the contractual agreements (both the MOU and the escrow accounts) in issue.

In its response to the Show Cause Order, COFS seeks leave to file an amended counterclaim that joins ELC and Naumann as additional counter-defendants, and the Court finds that this is the appropriate method for resolving this issue. There is an existing counterclaim, and the Court finds that COFS has demonstrated that these parties may be joined under Rule 20. Further, their joinder would not destroy complete diversity. Accordingly, the Court grants COFS leave to file an amended counterclaim to join these parties as counter-defendants. The existing Original Third-Party

Complaint (docket no. 4) is STRICKEN.

It is so ORDERED.

SIGNED this 7th day of September, 2017.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE