*ELS Escrow*

## ESCROW AND DISBURESEMENT AGREEMENT

WHEREAS, <u>Complete Oil Field Services, LLC,</u> a <u>Utah LLC</u> corporation, ("Buyer"), whose address is <u>8731 Sandy Parkway, Ste 103, Sandy Utah</u>, and <u>BATES Energy Oil & Gas, LLC.</u>, a <u>TEXAS</u> corporation, ("Seller"), whose address is <u>3201 Cherry Ridge Bldg. B Ste: 210B, San Antonio, TX. 78230</u>, have caused or will cause certain funds to be deposited in escrow with Equity Liaison Company, LLC, a Texas limited liability company ("Escrow Agent or ELC" either individually or collectively), whose address is 3303 Northland Drive, Suite 307, Austin, Texas 78731, on terms and conditions more particularly described herein in this Escrow and Disbursement Agreement ("Agreement"). The financial institution designated for this Agreement shall be JP MORGAN CHASE BANK, N.A. a national banking association ("Bank")

NOW, THEREFORE, in consideration of the premises, the undersigned hereby agree as follows:

### ARTICLE I
### TERMS AND CONDITIONS

**1.1  Establishment of Fund.** The undersigned Buyer has caused or will cause to be deposited with ELC those certain amounts, from time to time, pursuant to that certain Purchase and Sale Agreement ("PSA") by and between the Buyer and Seller, dated <u>April 14, 2017</u> (such sum, or the balance thereof remaining from time to time being referred to herein as the "Fund").

**1.2  Treatment of Fund.** The monies constituting the Fund shall be deposited in a segregated account pursuant to the terms of this Escrow Agreement. Such account shall be styled **Equity Liaison Company, LLC – Escrow Account**. At the written direction of the Buyer, ELC shall place all or part of the finds held in escrow in an "interest-bearing" account similarly styled with Bank.

**1.3  Escrow Procedure and Payment Instruction.** The Fund, together with all interest earned thereon, if any, which interest shall become and remains a part of the Fund, shall be held and disbursed in accordance with the terms of this Escrow Agreement and PSA as follows:

Upon receipt by ELC of the Disbursement Authorization (Exhibit A) executed by Buyer, ELC is hereby authorized and directed to deliver the Escrow Fund only (i) to the undersigned against their joint receipt, or (ii) to any of the undersigned upon written direction of each other of the undersigned, or (iii) in accordance with the joint written instruction of all of the undersigned, or (iv) if there is only one undersigned, to the undersigned.

**1.4  Termination.** This Escrow Agreement shall terminate upon the first to occur of any of the following events:

    A.    The disbursement of the balance of the Fund in accordance with the provisions of Section 1.3 hereof.

    B.    The expiration or termination of the PSA, in which case the remaining balance, accrued interest or excess finds of the Fund shall be disbursed to the Buyer. In the event of Termination prior to disbursements being made under this or any PSA terms and conditions, the entire amount place in the Fund shall be returned to the Buyer without deduction of any fee.

**EXHIBIT 4**

E.  In the event that any controversy should arise among the parties with respect to this Agreement, or should ELC resign and the parties fail to select another escrow agent to act in its stead, the ELC shall have the right to institute a bill of interpleader in any court of competent jurisdiction to determine the rights of the parties.

2.3  Compensation/Indemnification.

A.  ELC shall be compensated by the product seller at a rate agreed to by and between ELC and such supplier which will cover all bank fees, wire transfer fees, accounting, audit, reporting to the Buyer and Seller, and all other fees, including but not limited to, courier, mail and delivery fees, printing, electronic and reproduction fees. Compensation contained in this Section shall not cover any third party CPA review outside of the services provided by this agreement, or any third party legal review performed by any attorney directed to do so by the Buyer or Seller. The parties hereto agree that escrow fees shall be due and payable to ELC upon deposit into the specified account with Bank. Such amount shall be deducted from the Fund upon the receipt of the escrow and on each deposit thereafter, if any, of the date hereof.

B.  The parties to this Agreement (other than ELC) hereby jointly and severally agree to indemnify and hold ELC, its affiliates and their officers, employees, successors, assigns, attorneys and agents (each an "Indemnified Party") harmless from all losses, costs, claims, demands, expenses, damages, penalties and attorney's fees suffered or incurred by any Indemnified Party or ELC as a result of anything which it may do or refrain from doing in connection with this Agreement or any litigation or cause of action arising from or in conjunction with this Agreement or involving the subject matter hereof or Funds or monies deposited hereunder or for any interest upon any such monies, including, without limitation, arising out of the negligence of ELC; provided that the foregoing indemnification shall not extend to the gross negligence or willful misconduct of ELC. This indemnity shall include, but not be limited to, all costs incurred in conjunction with any interpleader which ELC may enter into regarding this Agreement.

2.4  Miscellaneous.

A.  ELC shall make no disbursement, investment or other use of funds until and unless it has collected all funds pursuant to the PSA, as the same may be amended or modified from time to time. ELC shall not be liable for collection items until the proceeds of the same in actual US Dollars have been received or the Federal Reserve has given ELC credit for the Funds.

B.  ELC may resign at any time by giving written notice 30 days prior to its intended date of resignation to the parties hereto, whereupon the parties hereto will immediately appoint a successor escrow agent. Until a successor escrow agent has been named and accepts its appointment or until another disposition of the subject matter of this Agreement has been agreed upon by all parties hereto, ELC shall be discharged of all of its duties hereunder save to keep the subject matter whole.

C.  All representations, covenants, and indemnifications contained in this Article II shall survive the termination of this Agreement.

## ARTICLE III
## GENERAL PROVISIONS

3.2  **Discharge of ELC.** Upon the delivery of all of the subject matter or monies pursuant to the terms of this Agreement and the PSA, the duties of ELC shall terminate and ELC shall be discharged from any further obligation hereunder.

3.3  **Escrow Instructions.** Where directions or instructions from more than one of the undersigned are required, such directions or instructions may be given by separate instruments of similar tenor. Any of the undersigned may act hereunder through an agent or attorney-in-fact, provided satisfactory written evidence of authority is first furnished to any party relying on such authority.



3.4 **Notice.** Any payment, notice, request for consent, report, or any other communication required or permitted in this Agreement shall be in writing and shall be deemed to have been given when delivered to the party hereunder specified, by hand delivery, by email delivery, or other such delivery method acceptable to all parties, or when placed in the United States mail, registered or certified, with return receipt requested, postage prepaid and addressed as follows:

If to ELC:

    Equity Liaison Company, LLC
    3303 Northland Drive, Suite 307
    Austin, TX 78731
    Attn: Dewayne Naumann, Principal

If to _Complete Oil Field Services, LLC_ (Buyer)

    8731 S. Sandy Parkway, Ste 103
    Sandy, UT 84070
    Attn: Janis Kline

If to _BATES Energy Oil & Gas, LLC_ : (Seller)

    3201 Cherry Ridge
    Bldg. B Ste: 210B
    San Antonio, TX. 78230
    Attn: STAN P. BATES    April 14, 2017

Any party may unilaterally designate a different address by giving notice of each such change in the manner specified above to each other party. Notwithstanding the foregoing, no notice to the ELC shall be deemed given to or received by the ELC unless actually delivered to an officer of the ELC having responsibility under this Agreement.

3.5 **Governing Law.** This Agreement is being made in and is intended to be construed according to the laws of the State of Texas. It shall inure to and be binding upon the parties hereto and their respective successors, heirs and assigns. Jurisdiction and venue for all matters under this Agreement shall be Travis County, Texas.

3.6 **Construction.** Words used in the singular number may include the plural and the plural may include the singular. The section headings appearing in this instrument have been inserted for convenience only and shall be given no substantive meaning or significance whatsoever in construing the terms and conditions of this Agreement.

3.7 **Amendment.** The terms of this Agreement may be altered, amended, modified or revoked only by an instrument in writing signed by the undersigned and ELC.

3.8 **Force Majeure.** ELC shall not be liable to the undersigned for any loss or damage arising out of any acts of God, strikes, equipment or transmission failure, war, terrorism, or any other act or circumstance beyond the reasonable control of ELC.

3.9 **Written Agreement.** This Agreement represents the final agreement between the parties, and may not be contradicted by evidence of prior, contemporaneous or subsequent oral agreements of the parties. There are no unwritten oral agreements between the parties.



EXECUTED as of the dates set forth below, but effective the date executed by ELC.

Buyer:

Complete Oil Field Services, LLC

Date: 4/14/~~15~~17

By: _Janis R. Kline_
Name: Janis R. Kline
Title: CFO/Manager

Seller:

BATES Energy Oil & Gas, LLC.

Date: April 14, 2017

By: _Stan Bates_
Name: STAN P. BATES
Title: Chief Executive Officer

Equity Liaison Company, LLC, Escrow Agent, hereby accepts its appointment as Escrow Agent as described in the foregoing Agreement, subject to the terms and conditions set forth therein.

Equity Liaison Company, LLC, a Texas limited liability company

Date: 14 APR 2017

By: _____
Name: Dewayne Naumann
Title: Managing Member



**Equity Liaison Company, LLC**
3303 Northland Drive • Suite 307 • Austin, TX • 78731

TO WHOM IT MAY CONCERN:

This letter is to inform you that Equity Liaison Company, LLC serves as the escrow and distribution company for Bates Energy Oil & Gas, LLC, and Mr. Stan Bates.

The specific escrow account has been set up to receive and disburse funds for Bates Energy Oil & Gas, LLC and the wiring instructions are as follows:

## WIRING INSTRUCTIONS FOR:

**Receiving Bank Name:** JP Morgan Chase Bank, NA

**Account Name:** Equity Liaison Company, LLC
    **Nickname:** Bates Energy OAG
**Account #:** 596292917
**ABA Routing #:** 111000614
**Swift:** CHASUS33

If you require additional information, please feel free to contact me at the number listed below.

Sincerely,

*[signature]*

Dewayne Naumann

Principal