IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
2017 JUL 18 AM 9:47

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| v. | § § § | |
| CARLOS I. URESTI, et. al., | § § § | CASE NO. SA-17-CR-381-DAE |
| Defendant. | § | |

## DEWAYNE D. NAUMANN'S MOTION TO QUASH

TO THE HONORABLE JUDGE OF THIS COURT:

**Dewayne D. Naumann** ("Movant"), through his undersigned attorney, moves the court to quash the subpoena duces tecum heretofore served on movant on behalf of the defendant in the above-entitled case.

On June 30, 2017, Defendant issued Carlos I. Uresti issued a *Subpoena to Produce Documents, Information, or Objects in a Criminal Case* ("the Subpoena") to Movant. *See* Exhibit A. Movant was served with the Subpoena on or around July 10, 2017. *See* Exhibit B.

Movant objects to the Subpoena as issued. The Subpoena is overly broad, seeks irrelevant materials, and fails to describe the documents and objects sought with sufficient specificity. Compliance with the subpoena would be unreasonable and oppressive, as more clearly appears from Mr. Naumann's affidavit, attached to this motion and marked Exhibit B. Movant therefore respectfully request the Court quash the Subpoena.

**EXHIBIT 11**

## Prayer

WHEREFORE, PREMISES CONSIDERED, Movant Dewayne Naumann prays this Honorable Court grant Movant Dewayne Naumann's motion, quash Defendant's Subpoena, and grant Movant any and all additional relief, either at law or in equity, to which Movant is justly entitled.

Respectfully submitted,

**The Rosenblatt Law Firm, P.C.**
16719 Huebner Road, Bldg. 1
San Antonio, Texas 78248
Telephone: (210) 562-2900
Facsimile: (210) 562-2929

By: /s/ *Tiffanie S. Clausewitz*
Tiffanie S. Clausewitz
State Bar No. 24051936
tiffanie@rosenblattlawfirm.com
Shellie R. Reyes
State Bar No. 24082115
shellie@rosenblattlawfirm.com

ATTORNEYS FOR DEWAYNE D. NAUMANN

### CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2017, the foregoing was electronically filed with the Clerk of Court via the CM/ECF system which will serve as notice of filing to the electronic mail Notice List.

/s/ *Tiffanie S. Clausewitz*
Attorney

*Motion to Quash*
Case no. SA-17-CR-381-DAE

Page 2 of 2

# EXHIBIT A

AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT
for the
Western District of Texas

United States of America
v.
CARLOS I. URESTI, et al.
*Defendant*

Case No. SA-17-CR-381-DAE

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE

To: Dewayne D. Naumann, 5018 Highland Ct., Austin, Texas 78731

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

ALL MATERIALS DESCRIBED IN ATTACHMENT "A" TO THIS SUBPOENA.

| Place: WATTS GUERRA LLP; 4 Dominion Drive, Bldg. 3, Ste. 100; San Antonio, Texas 78257 | Date and Time: July 18, 2017 @ 9:00 a.m. |
|---|---|

Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

*(SEAL)*

Date: JUN 30 2017

CLERK OF COURT  Jeannette J. Clack

*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Carlos I. Uresti
, who requests this subpoena, are:

Mikal C. Watts; Watts Guerra LLP, 4 Dominion Drive, Bldg. 3, Ste. 100, San Antonio, Texas 78257; 210-477-0500; mcwatts@wattsguerra.com

### Notice to those who use this form to request a subpoena

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case (Page 3)

## Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

(1) **In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

(2) **Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

(3) **Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d) Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e) Place of Service.**

(1) **In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

(2) **In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g) Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case (Page 3)

AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case (Page 2)

Case No. SA-17-CR-381-DAE

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## DEFINITIONS

1. "You," or "Your" means DeWayne D. Naumann and any other person or entity (including partnerships, trusts, funds, and other corporate entities) through which the individual conducts or has conducted his personal or business affairs.

2. "FourWinds Logistics" means FWLL, FourWinds Logistics Laredo, FWLL, LLC, FourWinds, LLC, all subsidiaries and affiliates thereof, and all limited liability companies (LLC) formed by joint venture agreements between investors and FWLL, LLC (FWL-DC LLC, FWL-MX LLC, FWL-MX 2040 LLC, FWL-SRT LLC, FWL-MAV LLC, FWL-TSL LLC, FWL-M LLC, FWL-SATX LLC, FWL-AMD LLC); and affiliates thereof; all divisions, predecessors, successors, and assigns of each of the foregoing; and all current and former officers, directors, employees, agents, consultants, attorneys (including both in-house and outside attorneys), accountants, administrators, and all other persons or organizations or others acting or purporting to act on behalf, or under the control, of each of the foregoing, including all temporary employees and independent contractors.

3. References to any other entity not defined above includes the names entity, all present and former subsidiaries, affiliates, predecessors, successors, officers, directors, agents, employees, consultants, interns, shareholders, partnerships, general and limited partners thereof, and any aliases, code names, or trade or business names used by the entity.

4. References to any individual includes the named individual, the individual's spouse and any minor children, and any other person or entity

1

(including partnerships, trusts, funds, and other corporate entities) through which the individual conducts or has conducted his or her personal or business affairs.

5. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) including without limitation electronic or magnetic data.

6. "Document" is defined to be synonymous in meaning and includes without limitation any written, types, printed, recorded, or computer-stored material, including without limitation electronic or magnetic data whether in draft or final form, and each non-identical copy or otherwise, and includes, without limitation, contracts, checks, records of wire transfers, financial statements, invoices, ledgers, reports of any nature, memoranda, correspondence, note pads, notices, minutes and notes of meetings, records of discussions and conversations, diaries, calendars, charts, lists, journals, electronically-stored or generated information (including computer records, computer runs, computer disks, electronic mail, and PDA files), tape recordings, microfilm, microfiche, and any other data compilations from which information can be obtained, translated, or deciphered, or any other tangible thing containing writings. A draft or non-identical copy, including an otherwise identical copy but for handwritten matter, is a separate document within the meaning of this term.

7. The terms "Party," "Plaintiff" and "Defendant" as well as a party's full or abbreviated name or pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

2

8. "Person" means any natural person or business, legal or governmental entity or association.

9. "Concerning" means relating to, referring to, describing, evidencing, or constituting.

10. "Any" should be understood in either its most or least inclusive sense as necessary to bring within scope of the First Set all responses that might otherwise be construed to be outside of the scope of the First Set.

11. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the First Set all responses that might otherwise be construed to be outside the scope of the First Set.

12. "All" shall include the term "each" and vice versa, as necessary to bring within the scope of the First Set all responses that might otherwise be construed to be outside the scope of the First Set.

13. The use of the singular form of any word includes the plural and vice versa.

14. "Identify" (With Respect to Persons) means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment, occupation, and business position or title held.

3

15. "Identify" (With Respect to Documents) means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

## INSTRUCTIONS

1. In producing documents pursuant to this Request, you shall furnish all documents in your actual or constructive possession, custody, or control that are known or available to you, regardless of whether those documents are possessed by you or any of your current or former agents, attorneys, investigators, representatives, advisors, consultants, employees, colleagues, co-parties, co-counsel, or cooperating counsel for other parties. You must make a diligent search of your records (including but not limited to paper records, computerized records, electronic mail records, and voice-mail records) and of other documents in your possession or available to your agents, attorneys, investigators, representatives, advisors, consultants, employees, colleagues, co-parties, co-counsel, or to cooperating counsel for other parties.

2. In any event a request is objected to, please specifically state (a) the legal or factual basis for the objection, and (b) the extent to which you refuse to comply with the request.

3. If any document or part thereof called for by this Request has been destroyed, discarded, or otherwise disposed of, you shall furnish a list setting forth, as to each document or part thereof, the following information: (i) the nature of the document, *e.g.*, letter, memorandum, email, etc.; (ii) the name, address, occupation, title and business affiliation of each person who prepared,

4

received, viewed, and has or had possession custody, or control of the document; (iii) the date of the document; (iv) a description of the subject matter of the document; (v) the date of destruction or other disposition; (vi) a statement of the reasons for destruction or other disposition; (vii) the name, address, occupation, title and business affiliation of the person who authorized destruction or other disposition of the document; (viii) the name, address, occupation, title and business affiliation of the person who destroyed or disposed of the document; and (ix) the paragraph(s) of this Request that call for the production of the document.

4. You shall produce Electronically Stored Information ("ESI") with the exception of data that is not reasonably accessible because of undue burden or cost (e.g., backup tapes intended for disaster-recovery purposes that are not indexed, organized, or susceptible to electronic searching; legacy data leftover from obsolete systems that cannot be retrieved on the successor systems; deleted data remaining in fragmented form that requires some type of forensic inspection to restore and retrieve it).

5. Each request for production of documents is continuing in nature to the fullest extent permitted under the Federal Rules of Criminal Procedure, and any requested documents obtained or discovered after your initial production shall be promptly produced.

## ATTACHMENT "A"

For the period of January 1, 2013 to the date of production, please produce the following:

1. Evidence of solicitations, pitches, presentations, or proposals regarding investments with FourWinds Logistics and/or any Joint Venture involving Four Winds.

2. Contracts, joint venture agreements, memorandums of understanding, contracts, evaluations, audits, consulting agreements, marketing agreements, escrow agreements, non disclosure agreements, disbursement reports, and correspondence relating to same, regarding FourWinds Logistics and/or any Joint Venture involving Four Winds.

3. Documents and communications to, from, or regarding investors or potential investors in FourWinds Logistics and/or any Joint Venture involving Four Winds.

4. Documents and communications to, from, or regarding Sen. Carlos Uresti, Carlos A. Uresti Jr., The Uresti Law Firm, PLLC, or Turning Point Strategies, LLC, related to FourWinds Logistics and/or any Joint Venture involving Four Winds, Stan Bates, Gary Cain, or Laura Jacobs Eagle Ford Shale, or frac sand, including investing, escrow of money, purchase and/or sale of frac sand.

5. Documents and communications with Stan Bates, Gary Cain, or Laura Jacobs related to FourWinds Logistics, and/or any Joint Venture entity involving Four Winds, relating to investing, escrow of money, purchase and/or sale of frac sand.

6. Evidence of payments/deposits related to FourWinds Logistics made by, to or from:
   a. Sen. Carlos Uresti
   b. Carlos A. Uresti Jr.
   c. The Uresti Law Firm, PLLC
   d. The Uresti Law Firm, PLLC Iolta Trust Accounts
      (i) Chase Bank Account No. 988513941
      (ii) Chase Bank Account No. 629267969
   e. Turning Point Strategies, LLC
   f. Equity Liaison Company Escrow Accounts
      (i) Chase Bank Account No. 257779117

    (ii)    Chase Bank Account No. 598100373
    (iii)   Chase Bank Account No. 114000093

# EXHIBIT B

## AFFIDAVIT OF DEWAYNE NAUMANN

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF TRAVIS | § |

Before me, the undersigned authority, on this day personally appeared Dewayne Naumann ("Affiant"), who being first duly sworn on his oath deposes and stated the following:

1. "My name is Dewayne Naumann ("Applicant") and I reside in Austin, Travis County, Texas. I have personal knowledge of the facts set forth below and am competent and authorized to make this affidavit. The facts set forth herein are true and correct based upon my personal knowledge.

2. I am the owner and principal of Equity Liaison Company, LLC ("ELC"). ELC provides escrow services for the energy industry.

3. On July 10, 2017, I received a *Subpoena to Produce Documents, Information, or Objects in a Criminal Case* related to Four Winds Logistics, a former ELC client. The subpoena requests documents and information which are of a highly confidential nature. And even if I did not object to production of such documents, to do so would be unduly burdensome, unreasonable and oppressive. There is no way such a massive search, review, and collection of documents could be accomplished within such a short amount of time.

4. Immediately on receipt of the subpoena, I began attempting to contact Mikal Watts, the issuing attorney, to discuss my concerns and objections to the subpoena. Despite multiple attempts and messages left, I was never able to reach Mr. Watts. I even contacted the clerk of the court to determine what I needed to do. Unable to reach Mr. Watts, it took me several more days to engage an attorney to protect my interests and file a Motion to Quash the subpoena."

Further Affiant Sayeth Not.

SIGNED on this 17th day of July, 2017.

_____
Dewayne Naumann, Affiant

SUBSCRIBED AND SWORN TO BEFORE ME by Dewayne Naumann on the 17th day of July, 2017.

KELLY DOUGHERTY
MY COMMISSION EXPIRES
MAY 21, 2019
NOTARY ID: 13023541-3

_____
Notary Public, State of Texas

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| v. | § § | |
| CARLOS I. URESTI, et. al., | § § § | CASE NO. SA-17-CR-381-DAE |
| Defendant. | § | |

### ORDER ON DEWAYNE D. NAUMANN'S MOTION TO QUASH

Before the Court is Movant *Dewayne D. Naumann Motion to Quash*. After consideration of the pleadings and arguments of Counsel, the Court is of the opinion the relief requested in Movant's Motion is merited. Therefore, *Dewayne D. Naumann Motion to Quash* is hereby **GRANTED**.

Signed this _____ day of _____, 2017.

_____
Honorable U.S. District Court Judge

*/s/ Tiffanie S. Clausewitz*
Tiffanie S. Clausewitz
State Bar No. 24051936
The Rosenblatt Law Firm, P.C.
16719 Huebner Road, Bldg 1
San Antonio, Texas 78248
(210) 562-2900
(210) 562-2929 fax
tiffanie@rosenblattlawfirm.com