FILED
2017 JUN 16 PM 4: 21

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DITECH FINANCIAL, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 1:17-cv-101-LY- |
| v. | § | |
| | § | |
| DEWAYNE NAUMANN and | § | |
| THERESA C. GLOIER, | § | |
| | § | |
| Defendants. | § | |

## FINAL DEFAULT JUDGMENT

On this day came on to be considered the above-entitled and numbered cause wherein Ditech Financial, LLC ("Plaintiff" or "Ditech"), is the plaintiff, and Dewayne Naumann and Theresa C. Gloier (collectively, "Defendants") are the Defendants. Defendants, although having been duly and legally summoned to appear and answer, failed to appear and answer, and wholly made default on Plaintiff's claims against them.

### I.

Plaintiff's *Original Complaint* ("Complaint") against Defendants was served according to law and returned to the Clerk where it remained on file for the time required by law. The Court has read the pleadings and the papers on file, and is of the opinion that the allegations of Plaintiff's Complaint have been admitted by Defendants. The Court further finds that Plaintiff does not seek monetary damages against Defendants, but instead seeks a certain declarations and a judgment allowing foreclosure of the real property which is the subject of this matter.

### II.

In light of Defendants' default and the nature of Plaintiff's claims, the Court orders as follows:

EXHIBIT 13

It is **ORDERED, ADJUDGED, and DECREED** that the material allegations of the Complaint be and are deemed admitted as to Defendants. It is further,

**ORDERED, ADJUDGED, and DECREED** that an event of default has occurred on that certain *Texas Home Equity Note* in the principal amount of $296,250.00 ("Note"), originally payable to Envoy Mortgage Ltd., executed by Defendants. It is further,

**ORDERED, ADJUDGED, and DECREED** that that certain *Texas Home Equity Security Instrument* ("Security Instrument"), which was recorded in the Real Property Records for Travis County under Instrument Number 2009166758 on or about October 2, 2009, provides Plaintiff—as the current holder of the Note and beneficiary of the Security Instrument—in the event of a default on the obligations on the Note, with a first-lien security interest on that certain real property commonly known as 5108 Highland Court, Austin, Texas 78731, and more particularly described as follows:

> LOT 20, BLOCK B, HIGHLAND PARK COURT, CITY OF AUSTIN, TRAVIS COUNTY TEXAS, ACCORDING TO MAP OR PLAT THEREOF RECORDED IN VOLUME 7, PAGE(S) 11, OF THE PLAT RECORDS OF TRAVIS COUNTY, TEXAS

(the "Property"). It is further,

**ORDERED, ADJUDGED, and DECREED** that Plaintiff is the current *mortgagee* of the Security Instrument. It is further,

**ORDERED, ADJUDGED, and DECREED** that the following are secured by the Security Instrument on the Property: the outstanding balance of the Note; prejudgment interest; post-judgment interest; and costs of court. It is further,

**ORDERED, ADJUDGED, and DECREED** that the amount due and owing on the Note as of April 14, 2017, is $387,931.00, which Plaintiff shall have and recover from Defendants, jointly and severally, through the foreclosure of the Property only. It is further,

**ORDERED, ADJUDGED, and DECREED** that, as of May 16, 2017, the prejudgment interest accrued on the Note after April 14, 2017 is $1,357.92, which Plaintiff, in addition to the foregoing amounts, shall have and recover from Defendants, jointly and severally, through the foreclosure of the Property only. It is further,

**ORDERED, ADJUDGED, and DECREED** that post-judgment interest shall accrue on the amount of the Judgment at the Note's interest rate of 5.75% per annum. It is further,

**ORDERED, ADJUDGED, and DECREED** that due to the event of default on the Note as described above, the lien on the Property as evidenced in the Security Instrument is foreclosed and Plaintiff, or its successors or assigns, may enforce this lien against the Property through foreclosure of the Property by sale by law enforcement. It is further,

**ORDERED, ADJUDGED, and DECREED** that an order of sale shall issue to any federal marshal, county sheriff, or country constable, directing him or her to seize and sell the Property, and the improvements located thereon, as under execution and satisfaction of this judgment. It is further,

**ORDERED, ADJUDGED, and DECREED** that all foreclosure notices to Defendants shall be mailed to them at 5108 Highland Court, Austin, Texas 78731. It is further,

**ORDERED, ADJUDGED, and DECREED** that all costs and attorney's fees are to be taxed against Defendants. It is further,

**ORDERED, ADJUDGED, and DECREED** that Plaintiff, pursuant to Federal Rule of Civil Procedure 54(d), may file a bill of costs and motion for award of attorney's fees within fourteen days of this Judgment. It is further,

**ORDERED, ADJUDGED, and DECREED** that all writs and processes necessary for the enforcement and execution of this Final Default Judgment may issue. It is further,

**ORDERED, ADJUDGED, and DECREED** that, pursuant to Federal Rule of Civil Procedure 64, a writ of possession shall issue in favor of the purchaser of the Property from the above-described foreclosure sale, or its successor and assigns, compelling the United States Marshall to remove from the Property Defendants and/or any unauthorized third parties. It is further,

**ORDERED, ADJUDGED, and DECREED** that this judgment is final and appealable and all relief not granted herein is denied.

Signed this 16th day of June 2017.

_____
UNITED STATES DISTRICT JUDGE