IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BATES ENERGY OIL & GAS, LLC | § § | |
| v. | § § | CIVIL ACTION SA:17-CV-00808-XR |
| COMPLETE OIL FIELD SERVICES LLC AND SAM TAYLOR | § § § | |

**ORDER GRANTING
DEFENDANT/COUNTER-PLAINTIFF'S PRELIMINARY INJUNCTION**

Before the Court is Defendant/Counter-Plaintiff Complete Oil Field Services, LLC's ("COFS") Amended Application for Preliminary Injunction (Amended Application) (Docket No. 13).

In the Amended Application, COFS seeks to enjoin Counter-Defendants Dewayne D. Naumann ("Naumann") and Equity Liaison Company, LLC ("ELC") from continuing to breach their fiduciary duty owed to COFS, including breaching their duty to disclose to COFS information and accounting records related to the ELC escrow account that Naumann and ELC operated in connection with a Memorandum of Understanding ("MOU") between COFS and Bates Energy Oil & Gas, LLC ("Bates Energy"). COFS further seeks to enjoin any further disbursements of funds or similar activity from the ELC escrow account. In seeking such relief, COFS has requested specific injunctive relief.

Having carefully reviewed the Amended Application, and after considering the evidence, the Court finds:

1. Counter-Plaintiff COFS is likely to succeed on the merits of its claim that Counter-Defendant ELC has breached its fiduciary duty owed to COFS. More specifically, COFS is likely

Page 1

to show that ELC has spent, disbursed or transferred funds from the escrow account in a manner that does not comply with the Escrow and Disbursement Agreement, including making expenditures, disbursements, and transfers that were not properly authorized. In addition, ELC has failed to disclose critical information to COFS, including by failing to provide periodic statements of activity, or balances in the account, even when specifically requested to do so by COFS.

2. Counter-Plaintiff COFS will suffer irreparable harm if preliminary injunctive relief is not granted. Specifically, absent injunctive relief the funds in the escrow account would likely continue to be dissipated by the actions of ELC. ELC caused substantial withdrawals from the account as late as August 23, 2017 after this suit was filed and during a period of time when COFS was making repeated requests for information about account activity. Thus, injunctive relief is necessary to preserve the status quo so that the subject matter of this suit is preserved to the extent possible in order to allow this Court to arrive at a meaningful determination of the merits of the suit.

3. The harm that Counter-Plaintiff COFS will suffer if injunctive relief is denied substantially outweighs any harm that Counter-Defendants Naumann or ELC will suffer if the injunction is granted. Counsel for Naumann and ELC offered to enter into an agreed injunction freezing the funds remaining in the escrow account and acknowledged that neither Naumann nor ELC have any contractual or other right to the funds remaining in the escrow account. Thus, transferring funds to be deposited in the registry of the Clerk's office will not cause them harm. Moreover, ELC has the obligation to account for all escrow funds in its possession and all escrow funds expended, disbursed or transferred by ELC. Requiring that ELC fulfill those obligations will not harm Naumann or ELC and will substantially benefit COFS. For these same reasons, the

public interest will not be disserved, and will instead be supported, by the issuance of injunctive relief.

Accordingly, it is ORDERED that Defendant/Counter-Plaintiff's Amended Application for Preliminary Injunction is GRANTED. It is further ORDERED that Naumann and ELC and their agents, servants, and employees, as well as all persons acting in concert or participation with him or it or on their behalf, including Bates Energy and Stan P. Bates, are enjoined from breaching fiduciary duties owed to COFS, and are ordered to:

1. Immediately make arrangements to deposit all funds deposited by COFS in connection with the MOU or the Escrow and Disbursement Agreement that have not been previously disbursed, but in no event less than the sum of $308,662.65, plus any funds subsequently received that are traceable to the MOU or the Escrow and Disbursement Agreement into the registry of the court. This deposit should include (but not be limited to) all funds deposited by COFS in connection with the MOU or the Escrow and Disbursement Agreement that have not been previously disbursed held in the following bank accounts:

    a. Chase bank account number 25779117; 257779117
    b. Chase bank account number 156513761;
    c. Chase bank account number ending in x2917; and
    d. Chase Money Market account/bank account number ending in x7800.
    e. Chase bank account number ending in x3784.
    f. Chase bank account number ending in x9228.

      2.      Promptly use best efforts to (1) collect the sum of $204,266.97 that is reflected on Court Exhibit No. 1, page ELC000097, and (2) once collected, cause that sum to be deposited into the registry of the court; and

      3.      With the exception of the transfers ordered in Nos. 1 and 2 above, refrain from directly or indirectly withdrawing, transferring, removing, dissipating, assigning, encumbering, or disposing of the funds in the ELC escrow account or monies transferred from the Amegy Bank escrow account.

It is further ORDERED that the Clerk, United States District Court, shall receive and deposit into the Court's registry a check(s) in the approximate and minimum amount of $308,662.65 which represents funds the Court has ordered paid to the registry of the Court, as well as further amounts, including but not limited to the approximate sum of $204,266.97, once those funds have been collected by Naumann or ELC. The Clerk, United States District Court, as soon as the business of the office allows, shall deposit all such monies into the Court Registry Investment System (CRIS), in an interest-bearing account, where they shall remain until further order of the Court.

IT IS FURTHER ORDERED that should COFS's review of the accounting information, produced to COFS by Naumann and ELC for the first time at the September 25, 2017 hearing on the Amended Application (Court Exhibit No. 1), reveal insufficiencies, inaccuracies, incompleteness or some other concern, COFS shall be entitled to seek further relief from the Court with respect to those issues or concerns.[1]

---

[1] The Court notes that its Order granting a Temporary Restraining Order in this matter (Doc. No. 16) ordered the following:

> ELC and Naumann [shall] immediately provide a detailed accounting of all funds that have come into the possession of ELC through that escrow

It if further ORDERED that the security requirement of Federal Rule of Civil Procedure 65(c) has been met by COFS's previous deposit of the sum of $500.00 with the office of the Clerk.

Signed this 29th day of September, 2017.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

agreement dated April 14, 2017, including a statement of activity in the account since its inception in April 2017, the current balance in the account, all bank account statements pertinent to such funds, all records showing receipts and disbursements from such account(s), and the identification of any bank accounts containing proceeds and disbursements from the original deposit.

Order, p. 16.