IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BATES ENERGY OIL & GAS, LLC, | § | |
| | § | |
| PLAINTIFF | § | |
| | § | |
| V. | § | CIVIL ACTION NO. SA-17-CV-00808-XR |
| | § | |
| COMPLETE OIL FIELD SERVICES, LLC AND | § | |
| SAM TAYLOR, | § | |
| | § | |
| DEFENDANTS | § | |

## COUNTER-DEFENDANT EQUITY LIAISON COMPANY'S ORIGINAL ANSWER TO COMPLETE OIL FIELD SERVICE, LLC'S FIRST AMENDED COUNTERCLAIM AND COUNTER-CLAIM/CROSSCLAIM AGAINST BATES ENERGY OIL & GAS, LLC AND COMPLETE OIL FIELD SERVICES, LLC

Counter-Defendant Equity Liaison Company ("ELC") files this *Counter-Defendant Equity Liaison Company's Original Answer to Complete Oil Field Service, LLC's First Amended Counterclaim and Counter-claim/Crossclaims Against Bates Energy Oil & Gas, LLC and Complete Oil Field Services, LLC.* Unless specifically admitted, ELC denies each of the allegations included in *Complete Oil Field Services LLC's First Amended Counterclaim, Application for Writ of Attachment, and Application for Temporary Restraining Order and Preliminary Injunction* ("First Amended Counterclaim"):

### PRELIMINARY STATEMENT

By its Counterclaim, Defendant Complete Oil Field Services, LLC ("COFS") seeks to draw ELC into a dispute with Bates Energy Oil & Gas, LLC ("Bates Energy") that has nothing to do with ELC, an escrow agent that has done nothing more than comply with its statutory and

contractual obligations while the other parties resolve their differences.  Because ELC has been dragged into a legal dispute where it doesn't belong, ELC brings a counterclaim against COFS and cross-claim against Bates Energy to enforce the indemnification provisions binding on the other parties.

**ANSWER**

ELC files this answer to Plaintiffs' First Amended Counterclaim, responding to the paragraphs of the First Amended Counterclaim as numbered therein.

## I.  Nation of Action

1.      ELC admits that the first sentence of Paragraph 1 contains statements of COFS's position in this case but denies that COFS is entitled to relief against ELC.  ELC lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in the second sentence of Paragraph 1.  ELC denies the remaining allegations in Paragraph 1.

2.      ELC denies the allegations contained in Paragraph 2.

3.      ELC admits that COFS filed its exhibits to its First Amended Counterclaim.

## II.  Jurisdiction and Venue

4.      ELC admits that the Court has diversity jurisdiction and that COFS seeks injunctive and declaratory relief as alleged in Paragraph 4 but denies that COFS is entitled to that relief against ELC.

5.      ELC admits that the amount in controversy exceeds $75,000, as alleged in Paragraph 5.

6.      Paragraph 6 contains statements of law to which no response is required.

7.      Paragraph 7 contains contain statements of law to which to which no response is required.

8.      ELC admits that venue is proper in this Court, as alleged in Paragraph 8.

## III.  Parties

9.      ELC lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 9.

10.      ELC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 10.

11.      ELC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 11.

12.      ELC admits the allegations contained in Paragraph 12.

13.      ELC admits the allegations contained in Paragraph 13.

## IV.  Procedural Background

14.      ELC admits the allegations contained in the first sentence of Paragraph 14.  ELC lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in the remainder of Paragraph 14.

15.      ELC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 15.

16.      ELC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 16.

17.      ELC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 17.

18.      ELC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 18.

19.     ELC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 19.

20.     ELC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 20.

21.     ELC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 21.

22.     ELC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 22.

23.     ELC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 23.

24.     Paragraph 24 contains legal conclusions to which no response is required.

### V.  Facts

25.     ELC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 25.

26.     ELC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 26.

27.     ELC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 27.

28.     ELC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 28.

29.     ELC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 29.

30.     The MOU speaks for itself, therefore no response is required to the allegations contained in Paragraph 30.

31.     The MOU speaks for itself, therefore no response is required to the allegations contained in Paragraph 31.

32.     The MOU speaks for itself, therefore no response is required to the allegations contained in Paragraph 32.

33.     The MOU speaks for itself, therefore no response is required to the allegations contained in Paragraph 33.

34.     The MOU speaks for itself, therefore no response is required to the allegations contained in Paragraph 34.

35.     The MOU speaks for itself, therefore no response is required to the allegations contained in the first sentence of Paragraph 35.  ELC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the second sentence of Paragraph 35.

36.     ELC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 36.

37.     The MOU speaks for itself, therefore no response is required to the allegations contained in Paragraph 37.

38.      ELC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 38.

39.     ELC denies it was a "close associate" of Bates Energy.  ELC denies the remaining allegations in the first sentence of Paragraph 39.  ELC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the second sentence of Paragraph 39.  ELC admits the allegations contained in the third and fourth sentences of Paragraph 39.

40.     ELC denies the allegations contained in Paragraph 40 to the extent they assert that ELC had any knowledge that the funds belonged to ProPetro.  ELC admits that it entered into the referenced escrow agreement with COFS and Bates Energy.

41.     ELC denies the allegations contained in the first sentence of Paragraph 41.  The newspaper article referenced in the remainder of Paragraph 41 speaks for itself, therefore no response is required.

42.     The Escrow Agreement speaks for itself, therefore no response is required to the allegations contained in Paragraph 42.

43.     ELC denies the allegations contained in paragraph 43.

44.     ELC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 44.

45.     ELC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 45.

46.     ELC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 46.

47.     ELC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 47.

48.     ELC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 48.

49.     ELC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 49.

50.     ELC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 50.

51.     ELC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 51.

52.     ELC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 52.

53.     ELC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 53.

54.     ELC denies the allegations contained in the first sentence of Paragraph 54.    ELC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the second sentence of Paragraph 54.  ELC denies the allegations contained in the third sentence of Paragraph 54.  ELC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the fourth sentence of Paragraph 54.

55.     ELC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 55.

56.     ELC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the first sentence of Paragraph 56.  ELC denies the allegations contained in the second sentence of Paragraph 56.

57.     ELC denies the allegations contained in the fourth sentence of Paragraph 57.  ELC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 57.

58.     ELC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 58.

59.     The Disbursement Letter speaks for itself, therefore no response is required to the allegations contained in the fifth sentence of Paragraph 59.  ELC admits the allegations contained

in the seventh and eighth sentences of Paragraph 59.  ELC admits lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 58.

60.     ELC admits that Bates Energy sued COFS in state court but lacks knowledge or information sufficient to form a belief about the truth of the assertion that Bates Energy failed to perform.  ELC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 60.

61.     ELC denies the allegations contained in the first sentence of Paragraph 61 and denies that it "audited" any paperwork.  ELC admits the allegations contained in the second, fourth, and fifth sentences of Paragraph 61.  ELC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 61.

62.     ELC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained the first and second sentences of Paragraph 62.  ELC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in third sentence of Paragraph 62 as they apply to Bates Energy.  ELC denies the allegations contained in third sentence of Paragraph 62 as they apply to ELC.

63.     ELC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 63.

64.     ELC denies the allegations contained in Paragraph 64.

65.     ELC lacks knowledge or information sufficient to form a belief about the truth of the allegations in the last sentence of Paragraph 65.  ELC denies the remaining allegations contained in Paragraph 65.

66.     ELC denies the allegations contained in the first sentence of Paragraph 66.  ELC lacks knowledge or information sufficient to form a belief about the truth of the remaining the allegations contained in Paragraph 66.

67.     ELC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 67.

68.     ELC denies that there was an "unlawful taking" of $40,000.  ELC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 68.

69.      ELC denies the allegations contained in the first sentence of Paragraph 69.  The indictment speaks for itself so the allegations in the second and third sentences of Paragraph 69 do not require a response.  ELC denies the allegations contained in the fourth and sixth sentences of Paragraph 69.  ELC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the fifth sentence of Paragraph 69.

70.     ELC admits the allegations contained in Paragraph 70.

71.     ELC denies that Bates has absconded with approximately $40,000 of escrowed funds without delivery of frac sand.  ELC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 71.

72.     ELC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 72.

73.     ELC denies the allegations contained in the first, second, and sixth sentences of Paragraph 73.  ELC admits the remaining allegations contained in Paragraph 73.

74.     ELC denies the allegations contained in the second and fifth sentences of Paragraph 74.  ELC admits the remaining allegations contained in Paragraph 74.

75.     ELC admits the allegations contained in the first sentence of Paragraph 75 and admits that the transactions affecting the escrow account were handled electronically.  ELC denies the remaining allegations contained in Paragraph 75.

76.     ELC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained the first, second, and third sentences of Paragraph 76.  ELC denies the remaining allegations contained in Paragraph 76.

77.     ELC denies that as much as $1,000,000 should be in the escrow account.  ELC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 77.

78.     ELC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the first sentence of Paragraph 78.  The exhibits speak for themselves, therefore no response is required to the allegations contained in Paragraph 30.

79.     The Escrow Agreement speaks for itself, therefore no response is required to the first sentence of Paragraph 79.  ELC admits that it did not disburse the funds remaining in the Escrow Account as of August 15, 2017, but that its failure to do so was in contravention of the Escrow Agreement.  ELC denies the remaining allegations contained in Paragraph 79.

80.     ELC admits the allegations contained in Paragraph 80.

81.     ELC denies that it refused to provide information on the escrow account.  ELC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in the first sentence of Paragraph 81.  ELC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in the second sentence of Paragraph 81.  ELC admits the allegations contained in the third sentence of Paragraph 81.

82.     ELC admits the allegations contained in the first sentence of Paragraph 82. ELC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the second sentence of Paragraph 82.

83.     ELC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the first sentence of Paragraph 83.  The Escrow Agreement speaks for itself, therefore no response is required to the allegations contained in the second sentence of Paragraph 83, except that ELC denies that the existence of a typo is a relevant fact.

84.     ELC lacks knowledge or information sufficient to form a belief about what COFS concluded and denies the remaining allegations contained in the Paragraph 84.

## VI.  Causes of Action

85.     Paragraph 85 contains statements of law to which no response is required.

## COUNT 1: Declaratory Judgment

86.     ELC incorporates its responses to all preceding paragraphs as if fully restated herein.

87.     ELC admits that COFS seeks the declarations described but denies the remaining allegations contained in Paragraph 87.

88.     ELC denies the allegations contained in Paragraph 88.

89.     ELC admits that COFS seeks the declarations described but denies that COFS is entitled to those declarations.

## COUNT 2: Rescission

90.     ELC incorporates its responses to all preceding paragraphs as if fully restated herein.

91.     ELC admits that COFS seeks rescission of the MOU but denies the remaining allegations contained in Paragraph 91.

92.     ELC admits that COFS seeks rescission of the MOU but denies the remaining allegations contained in Paragraph 92.

**COUNT 3: Fraud**

93.     ELC incorporates its responses to all preceding paragraphs as if fully restated herein.

94.     ELC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 94.

95.     ELC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 95.

96.     ELC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 96.

**COUNT 4: Breach of Contract**

97.     ELC incorporates its responses to all preceding paragraphs as if fully restated herein.

98.     ELC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 98.

99.     ELC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 99.

100.     ELC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 100.

101.    ELC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 101.

102.    ELC denies the allegations contained in Paragraph 102.

103.    ELC denies the allegations contained in Paragraph 103.

104.    ELC denies the allegations contained in Paragraph 104.

105.    ELC denies the allegations contained in Paragraph 105.

**COUNT 5: Equitable Accounting**

106.    ELC incorporates its responses to all preceding paragraphs as if fully restated herein.

107.    ELC denies the allegations contained in the first sentence of Paragraph 107.  ELC admits that COFS seeks appointment of a qualified expert but denies that COFS is entitled to that remedy.

**COUNT 6: Theft**

108.    ELC incorporates its responses to all preceding paragraphs as if fully restated herein.

109.    ELC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 109.

110.    ELC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 110.

**COUNT 7: Breach of Fiduciary Duty**

111.    ELC incorporates its responses to all preceding paragraphs as if fully restated herein.

112.    ELC admits the allegations contained in Paragraph 112.

113.    ELC denies that Naumann was a party to any agreement between the parties.  ELC admits the remaining allegations contained in Paragraph 113.

114.    ELC denies the allegations contained in Paragraph 114.

115.    ELC denies the allegations contained in Paragraph 115.

116.    ELC denies the allegations contained in Paragraph 116.

117.    ELC denies the allegations contained in Paragraph 117.

**COUNT 8: Restitution for Money Had and Received**

118.    ELC incorporates its responses to all preceding paragraphs as if fully restated herein.

119.    ELC denies the allegations contained in Paragraph 119.

120.    ELC admits that seeks restitution but denies that COFS is entitled to such relief.

**COUNT 9: Application for Writ of Attachment**

121.    ELC incorporates its responses to all preceding paragraphs as if fully restated herein.

122.    ELC admits that seeks a writ of attachment but denies that COFS is entitled to such relief.  ELC denies the remaining allegations contained in Paragraph 122.

123.    ELC admits the allegations contained in the first sentence of Paragraph 123, but states that the judgment is on appeal.  ELC denies the remaining allegations contained in Paragraph 123.

124.    ELC denies the allegations contained in Paragraph 124.

125.    ELC denies the allegations contained in Paragraph 125.

126.   ELC denies the allegations contained in the first sentence of Paragraph 126.  ELC lacks knowledge or information sufficient to form a belief about the allegations contained in the second paragraph of Paragraph 126.

**COUNT 10: Attorneys Fees**

127.   ELC incorporates its responses to all preceding paragraphs as if fully restated herein.

128.   ELC admits that COFS seeks to recover its attorneys' fees but denies that COFS is entitled to that relief from ELC.

**COUNT 11: Application for Temporary Injunctive Relief**

129.   ELC incorporates its responses to all preceding paragraphs as if fully restated herein.

130.   ELC admits that COFS seeks injunctive relief but denies that COFS is entitled to that relief.

131.   ELC denies the allegations contained in the first sentence of Paragraph 131.  ELC admits that COFS seeks injunctive relief but denies that COFS is entitled to that relief.

132.   ELC denies the allegations contained in Paragraph 132.

133.   ELC denies the allegations contained in Paragraph 133.

134.   ELC denies the allegations contained in Paragraph 134.

135.   ELC admits that COFS seeks injunctive relief but denies that COFS is entitled to that relief.

ELC denies any allegations in the First Amended Counterclaim that are not specifically admitted above and denies that COFS is entitled to obtain any relief or judgment against ELC as pled or otherwise.

**DEFENSES**

1.      One or more of COFS's claims is barred by repudiation.

2.      One or more of COFS's claims is barred by estoppel.

3.      One or more of COFS's claims is barred by prior material breach.

4.      One or more of COFS's claims is barred by the doctrine of unclean hands.

5.      One or more of COFS's claims is barred by failure to mitigate damages.

6.      One or more of COFS's claims is barred by failure of consideration.

7.      One or more of COFS's claims is barred by the doctrine of mistake.

8.      One or more of COFS's claims is barred by contractual limitation of liability.

9.      One or more of COFS's claims is barred by discharge.

10.      One or more of COFS's claims is barred by lack of privity.

11.      One or more of COFS's claims is barred by voluntary payment.

12.      One or more of COFS's claims is barred because COFS's damages, if any, were caused by COFS's own actions.

13.      One or more of COFS's claims is barred because COFS's damages, if any, were caused by third parties over which ELC had no control.

14.      One or more of COFS's claims is barred by waiver.

15.      One or more of COFS's claims is barred by the doctrine of justification.

16.      One or more of COFS's claims is barred by repudiation.

**DESIGNATION OF RESPONSIBLE THIRD-PARTIES**

1.     COFS's claims are barred, in whole or in part, under Chapter 33 of the Texas Civil Practice & Remedies Code, because the following parties are either wholly or partially responsible for harms caused to COFS, if any, under applicable tort law:

     a.  Bates Energy;

     b.  Stan Bates;

     c.  Blair Bates;

     d.  Perry Taylor;

     e.  Janis Kline;

     f.  Sam Taylor.

**COUNTER-CLAIM/CROSS-CLAIM**

**I.        Parties**

1.     Counter-Defendant/Counter-Plaintiff/Cross-Claimant ELC is a limited liability company organized under the laws of Texas.

2.     Defendant/Counter-Plaintiff COFS is a foreign limited liability company duly organized and existing under the laws of the Utah and registered to do business in Texas. Its three members, Perry Taylor, Janis Kline, and Sam Taylor, are all individuals, and all of them reside in, and are citizens of the State of Utah.  COFS has already appeared in the action and may be served through its counsel of record.

3.     Plaintiff/Counter-Defendant Bates Energy is a limited liability company duly organized and existing under the laws of the State of Texas. Bates Energy has already appeared in this case and may be served through its counsel of record.

## II.     JURISDICTION AND VENUE

4.      Jurisdiction is proper in this Court under 28 U.S.C. § 1367 because the claim asserted herein is so related to claims in Plaintiff's action and COFS's counterclaim that they form part of the same case or controversy under Article III of the United States Constitution.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim asserted herein occurred in this district.

## III.     FACTUAL BACKGROUND

6.      As alleged in Paragraph 40 of the First Amended Counterclaim, ELC, Bates Energy, and COFS entered into an escrow agreement on or around April 14, 2017 ("Escrow Agreement").  A copy of the Escrow Agreement is attached as Exhibit 1.

7.      Paragraph 2.3 of the Escrow Agreement provides, in relevant part:

> The parties to this Agreement (other than ELC) hereby jointly and severally agree to indemnify and hold ELC, its affiliates and their officers, employees, successors, assigns, attorneys and agents (each an "Indemnified Party") harmless from all losses, costs, claims, demands, expenses, damages, penalties and attorneys fees suffered or incurred by any Indemnified Party or ELC as a result of anything which it may do or refrain from doing in connection with this Agreement or any litigation or cause of action arising from or in conjunction with this Agreement or involving the subject matter hereof or Funds or monies deposited hereunder or for any interest upon any such monies, including, without limitation, arising out of the negligence of ELC; provided dull the foregoing indemnification shall not extend to the gross negligence or willful misconduct of ELC. This indemnity shall include, but not be limited to, all costs incurred in conjunction with any interpleader which ELC may enter into regarding this Agreement.

Exhibit 1 at ¶ 2.3B.

8.      Each of the claims asserted by COFS in connection with the Escrow Agreement are subject to the indemnification provisions of paragraph 2.3B of the Escrow Agreement.

**CAUSE OF ACTION: BREACH OF THE INDEMNITY AGREEMENT**

9.    ELC incorporates paragraphs 1–6 of the Counterclaim/Cross-Claim as if fully restated herein.

10.   The Escrow Agreement is a valid, existing agreement between COFS, Bates Energy, and ELC.  The Escrow Agreement's express terms provide that both COFS and Bates Energy are obligated to indemnify ELC in the event that any claims that arise in connection with the Escrow Agreement.  The claims brought by COFS in this action constitute claims arising under the Escrow Agreement.  All conditions precedent have occurred, been performed, waived, or excused.  COFS and Bates energy have failed to indemnify ELC as they are bound to do.  As a result, ELC has suffered damages.

11.   Accordingly, ELC is entitled to recover its actual damages from Bates Energy (as cross-defendant) and COFS (as counter-defendant).

**PRAYER**

WHEREFORE,    Counter-Defendant/Cross-Claimant/Counter-Plaintiff   ELC   prays   for judgment in its favor on all claims and relief sought herein, including but not limited to:

a.   Denial of all claims and causes of action brought by COFS;

b.   To the extent COFS succeeds in recovering any amounts under the tort theories alleged, a judgment for contribution against the third-party defendants named above for their portion of such damages;

c.   A judgment for indemnification under the Escrow Agreement;

d.   Reasonable and necessary attorneys' fees and expenses;

e.   All costs of court for this action;

f.   Such other and further relief, at law or in equity, as the Court deems to be just, proper, and equitable such other relief to which he is entitled.

Respectfully submitted,

**PULMAN, CAPPUCCIO, PULLEN, BENSON & JONES, LLP**
2161 NW Military Highway, Suite 400
San Antonio, Texas  78213
www.pulmanlaw.com
(210) 222-9494 Telephone
(210) 892-1610 Facsimile

By: */s/ Leslie Sara Hyman*
     Leslie Sara Hyman
     Texas State Bar No. 00798274
     lhyman@pulmanlaw.com
     Matthew McGowan
     Texas State Bar No. 24098077
     mmcgowan@pulmanlaw.com

**ATTORNEYS FOR EQUITY LIAISON COMPANY**

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on the 13th day of October 2017 I electronically filed the foregoing with the

Clerk of Court using the CM/ECF system, which will send notification of such filing to the

following:

Lamont A. Jefferson
LJefferson@jeffersoncano.com
Lisa S. Barkley
LBarkley@jeffersoncano.com
JEFFERSON CANO
112 East Pecan Street, Suite 1650
San Antonio, Texas 78205

Tiffanie S. Clausewitz
tiffanie@rosenblattlawfirm.com
Shellie R. Reyes
shellie@rosenblattlawfirm.com
THE ROSENBLATT LAW FIRM, P.C.
16719 Huebner Road, Bldg. 1
San Antonio, Texas 78248


*/s/ Leslie Sara Hyman*
Leslie Sara Hyman