UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BATES ENERGY OIL AND GAS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. SA:17-CV-00808-XR |
| | § | |
| COMPLETE OIL FIELD SERVICES LLC AND SAM TAYLOR | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |

**COUNTER DEFENDANT MARK B. SYLLA'S
MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION AND BRIEF IN SUPPORT THEREOF**

TO THE HONORABLE COURT:

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, Counter Defendant Mark B. Sylla ("Sylla") moves to dismiss the claims asserted against him in Defendant/Counter-Plaintiff's Third Amended Counterclaim. This Court lacks personal jurisdiction over Sylla. Sylla is not a resident of Texas and lacks sufficient contacts with Texas to give rise to either specific or general jurisdiction. The imposition of personal jurisdiction over Sylla by a Texas court would offend traditional notions of fair play and substantial justice.

## I. FACTS

There are virtually no jurisdictional allegations relating to Sylla in Defendant/Counter-Plaintiff's Third Amended Counter Claim ("Counterclaim"). Indeed, Defendant/Counter-Plaintiff concedes in Paragraph 14 of the Counterclaim that Sylla resides and is domiciled in Wisconsin, not Texas.

Defendant/Counter-Plaintiff does not even allege that Sylla has ever been employed in Texas and does not allege he ever engaged in business in Texas. No allegation is made that he ever maintained a bank account in Texas, that he ever maintained an office, a place of business, any other facilities, an address, a directory listing, an answering service, or even a telephone number in Texas. With the exception of this lawsuit, he has never been a defendant in a lawsuit filed in a state or federal court in Texas and has never been a Counter-Defendant in a lawsuit filed in a state or federal court in Texas.

Any travel to Texas in connection with this lawsuit would be a significant inconvenience and burden to Sylla, contrary to requirements of fair play and substantial justice.

## II.     ARGUMENT AND AUTHORITIES

**A.     This Court Lacks Personal Jurisdiction Over Sylla.**

When a nonresident defendant files a motion to dismiss for lack of personal jurisdiction, the plaintiff has the burden to prove the existence of personal jurisdiction over the defendant. *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994). Accordingly, Defendant/Counter-Plaintiff

must prove that Sylla purposefully established certain "minimum contacts" with Texas and that the assertion of jurisdiction over Sylla in Texas would not "offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *Villar v. Crowley Maritime Corp.*, 990 F.2d 1489, 1496 (5th Cir. 1993). No personal jurisdiction exists unless Sylla purposefully availed himself of the privilege of conducting activities within the forum state and thus invoked the benefits and protections of its laws. *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

When considering whether a defendant has purposefully availed himself of a forum by establishing minimum contacts with that forum, the court considers whether the defendant's contacts give rise to either general jurisdiction or specific jurisdiction. *Dominion Gas Ventures, Inc. v. N.L.S., Inc.*, 889 F. Supp. 265, 267 (N.D. Tex. 1995) (Solis, J.). To establish specific jurisdiction, the Defendant/Counter-Plaintiff must show that Sylla "purposefully directed" his activities at the forum, and the litigation must result from alleged injuries that "arise out of or relate to" the defendant's activities directed at the forum. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985); *Aviles v. Kunkle*, 978 F.2d 201, 204 (5th Cir. 1992). The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum. *E.g., Hanson v. Denckla*, 357 U.S. 235, 253 (1958); *Stuart v. Spademan*, 772 F.2d 1185, 1190 (5th Cir. 1985). Furthermore, isolated acts do not give rise to a nonresident being hailed into a distant forum. *See Burger King Corp.*, 471 U.S. at 475 n.18. As a result, a single act may give rise to only an attenuated connection with the forum that would be insufficient to support a court's exercise of personal jurisdiction. *Id.* Here, the only

"act" alleged with any specificity to have been performed by Sylla occurred entirely within the state of Wisconsin.[1]  *See Counterclaim* §110.

Alternatively, a plaintiff seeking to establish general jurisdiction might attempt to show that the defendant has "continuous and systematic" contacts with the forum state.  *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408 (1984); *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 447-48 (1952); *Wilson*, 20 F.3d at 647.  To support a finding of general jurisdiction, the defendant must have had substantial contacts with the forum state.  *Preussag Aktiengesellschaft v. Coleman*, 16 S.W.3d 110, 114 (Tex. App.--Houston [1st Dist.] 2000, no pet.).

General jurisdiction therefore requires much stronger evidence of contacts with the forum than specific jurisdiction.  *Coleman*, 16 S.W.3d at 114.  For example, in *Helicopteros*, the Supreme Court concluded that a defendant which had purchased approximately 80% of its helicopter fleet, spare parts, and accessories for more than $4 million from Bell Helicopter in Ft. Worth, sent prospective pilots to Ft. Worth for training and to ferry aircraft to South America, sent management and maintenance personnel to Ft. Worth for technical consultation, and received over $5 million in payments drawn on a bank in Houston was *not* subject to general jurisdiction in Texas.  466 U.S. at 416.

1.   *No Specific Personal Jurisdiction Exists Over Sylla in Texas.*

Defendant/Counter-Plaintiff's Counterclaim contains virtually no allegations or suggestions that the parties' dispute "arises out of" or "relates to" any of Sylla's acts or omissions

---

[1] Defendant/Counter-Plaintiff does allege that Sylla, along with Counter Defendant David Bravo and another individual "created a new company" (Complaint § 102), but the Certificate of Formation for that company shows that Bravo alone organized the company.  Sylla was merely named a manager.  *See Exh." A"* hereto.

in or related to Texas. As described above, the only "act" alleged with any specificity to have been performed by Sylla occurred entirely within the state of Wisconsin. Sylla has had almost no contact with the state of Texas. Defendant/Counter-Plaintiff's petition on its face fails to show the existence of specific jurisdiction over Sylla.

### 2. *No General Personal Jurisdiction Exists Over Sylla in Texas.*

The contacts test for general jurisdiction is considerably more demanding and requires proof of far more contacts with the forum state than for specific jurisdiction. *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 374 (5th Cir. 1987); *see also Helicopteros*, 466 U.S. 408 (no general jurisdiction despite extensive business contacts with Texas). Here, Defendant/Counter-Plaintiff bears the burden of proving that Sylla's contacts with the state of Texas are so "continuous" and "systematic," that a Texas court has personal jurisdiction over him regardless of the subject matter of the suit, and despite the fact that Sylla has never been a resident of Texas. But as noted above, Defendant/Counter-Plaintiff alleges almost no jurisdictional facts concerning Sylla personally. Accordingly, there is not the sort of "continuous and systematic" contacts required for the existence of general jurisdiction. See, e.g., *Southern v. Glenn*, 677 S.W.2d 576, 583 (Tex. App.--San Antonio 1984, writ ref'd n.r.e.) (upholding trial court's dismissal for lack of personal jurisdiction despite evidence that defendant had resided in Texas, voted in the 1976 presidential election in Texas, and held a Texas driver's license); *Luker v. Luker*, 776 S.W.2d 624, 625-26 (Tex. App.--Texarkana 1989, writ denied) (no minimum contacts where cause of action arose five months after defendant ceased to be a Texas resident, even though defendant continued to hold a Texas driver's license, traveled to Texas three or four times a year, and financed an automobile in Texas); *Vosko v. Chase Manhattan Bank, N.A.*, 909

S.W.2d 95, 99 (Tex. App.--Houston [14th Dist] 1995, writ denied) (holding prior contacts with Texas, including residence and driver's license that ended three years before cause of action arose did not confer personal jurisdiction); Al-Turki v. Taher, 958 S.W.2d 258, 263 (Tex. App.-Eastland 1997, pet. denied) (no general jurisdiction over shareholder of company with principal place of business in Houston); Tuscano v. Osterberg, 82 S.W.2d 457, 466-67 (Tex. App.--El Paso 2002, no pet.) (no general jurisdiction over corporate agents or employees of entity that does business in Texas).  Accordingly, general jurisdiction over Sylla is lacking in this case.

## III.  CONCLUSION

For the foregoing reasons, Counter-Defendant Sylla requests that this Court dismiss the claims against him for lack of personal jurisdiction.

          Respectfully Submitted,

          */s/ Patrick J. O'Connell*
          **Patrick J. O'Connell**
          State Bar No.  15179900

          **Law Offices of Patrick J. O'Connell PLLC**
          2525 Wallingwood, Building 14
          Austin, Texas 78746
          Telephone:     (512) 852-5918

          */s/ Samuel A. Mills*
          **Samuel A. Mills**
          State Bar No. 24013168

          **Mills Firm PLLC**
          7460 Warren Parkway, Suite 100
          Frisco, Texas 75034
          Telephone:   (214) 505-5878
          Facsimile:    (972) 668-1979

          *Attorney for Counter-Defendant*
          *Mark B. Sylla*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record in the above cause in accordance with Rule 5, Federal Rules of Civil Procedure and Local Rule CV-5 (b) on this 10th day of July 2018.

*/s/ Patrick J. O'Connell*

EXHIBIT "A"

Certificate of Formation of Unlimited Frac Sand, LLC

| | | |
|---|---|---|
| Secretary of State<br>P.O. Box 13697<br>Austin, TX 78711-3697<br>FAX: 512/463-5709<br><br>Filing Fee: $300 | <br><br>**Certificate of Formation**<br>**Limited Liability Company** | Filed in the Office of the<br>Secretary of State of Texas<br>Filing #: 802719694 05/11/2017<br>Document #: 736469080002<br>Image Generated Electronically<br>for Web Filing |

### Article 1 - Entity Name and Type

The filing entity being formed is a limited liability company. The name of the entity is:

**UNLIMITED FRAC SAND, LLC.**

### Article 2 – Registered Agent and Registered Office

☐ A. The initial registered agent is an organization (cannot be company named above) by the name of:

OR

☑ B. The initial registered agent is an individual resident of the state whose name is set forth below:

Name:
**David   Bravo**

C. The business address of the registered agent and the registered office address is:

Street Address:
**4210 County Rd. 1286**
Suite: **401  Odessa  TX  79765**

### Consent of Registered Agent

☐ A. A copy of the consent of registered agent is attached.

OR

☑ B. The consent of the registered agent is maintained by the entity.

### Article 3 - Governing Authority

☑ A. The limited liability company is to be managed by managers.

OR

☐ B. The limited liability company will not have managers. Management of the company is reserved to the members.
The names and addresses of the governing persons are set forth below:

Manager 1: **David   Bravo** — Title: **Manager**
Address: **7814 Braesview Ln.   Houston  TX, USA  77071**

Manager 2: **Mark   Sylla** — Title: **Manager**
Address: **3466 Cambridge Place   River Falls  WI, USA  54022**

Manager 3: **Audra   Aileen   Vega** — Title: **Manager**
Address: **5810 Worth Parkway   #4105  San Antonio  TX, USA  78257**

### Article 4 - Purpose

The purpose for which the company is organized is for the transaction of any and all lawful business for which limited liability companies may be organized under the Texas Business Organizations Code.

| Supplemental Provisions / Information |
|---|
| [The attached addendum, if any, is incorporated herein by reference.] |

| Organizer |
|---|
| The name and address of the organizer are set forth below. |
| David Bravo - President        4210 County Rd. 1286, suite: 401, Odessa, TX. 79765 |

| Effectiveness of Filing |
|---|
| ☐ A. This document becomes effective when the document is filed by the secretary of state. |
| OR |
| ☑ B. This document becomes effective at a later date, which is not more than ninety (90) days from the date of its signing. The delayed effective date is: **May 12, 2017** |

| Execution |
|---|
| The undersigned affirms that the person designated as registered agent has consented to the appointment. The undersigned signs this document subject to the penalties imposed by law for the submission of a materially false or fraudulent instrument and certifies under penalty of perjury that the undersigned is authorized under the provisions of law governing the entity to execute the filing instrument. |
| **David Bravo - President** |
| Signature of Organizer |

FILING OFFICE COPY