**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **BATES ENERGY OIL & GAS, LLC** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION SA:17-CV-00808-XR** |
| | § | |
| **COMPLETE OIL FIELD SERVICES,** | § | |
| **LLC AND SAM TAYLOR** | § | |

## <u>COUNTER-DEFENDANT ROSENBLATT LAW FIRM, P.C.'S MOTION TO DISMISS WITH PREJUDICE UNDER RULE 12(b)(6)</u>

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Counter-Defendant Rosenblatt Law Firm, P.C. (hereinafter "Law Firm") moves under the provisions of Federal Rule of Civil Procedure 12(b)(6) for the dismissal with prejudice of all claims asserted against it by Counter-Plaintiff Complete Oil Field Services, LLC (hereinafter "COFS"), except for Count 8 of the Third-Amended Counter-Claim [D.E. 68] which seeks Restitution or Money Had and Received, on the ground that the affirmative defense of attorney immunity appears on the face of COFS' pleadings and is a complete bar to the claims.

**Factual Allegations and Causes of Action Brought Against Law Firm**

In its Third Amended Counter-Claim, COFS asserts claims against eleven Counter-Defendants on nine legal theories or counts. At its most general level, the Counter-Claim alleges that by a variety of unlawful means, the Counter-Defendants took money which had been entrusted to COFS and which should be restored to it by this Court.

The factual allegations of misconduct by this Counter-Defendant, the Law Firm appear in paragraphs 112 through 123, pages 31-34 of the Third Amended Counter-Claim. They are that:

- As the attorneys for Co-Defendants Stan Bates and Bates Energy Oil & Gas, LLC, the Law Firm knew that money was being taken from an escrow account without

COFS's knowledge or consent and communicated with its clients about aspects of this. (Paragraphs 112 to 116);

- During the course of contested litigation in state court, the Law Firm made false and/or misleading statements to COFS.  (Paragraphs 117 and 161);

- As an incident to the state court litigation, the Law Firm sent a letter to Counter-Defendants Equity Liaison Company, LLC and Dewayne D. Naumann demanding that they send $140,541.58 to the Law Firm's client, Bates Energy Oil & Gas, LLC, in violation of an agreement to keep those funds "frozen".  (Paragraphs 118-119; paragraph 87; Exhibit 10 to the Third Amended Counter-Claim);

- The Law Firm argued in the state court proceedings that a $39,131.13 transfer out of the escrow account was appropriate based on the status of the relevant rail cars and received communications from counsel for COFS regarding that argument. (Paragraphs 120 to 122); and

- The Law Firm was paid legal fees by its client out of the money unlawfully taken from the escrow account.  (Paragraph 123).

Based on these factual allegations, COFS asserts claims against the Law Firm for:

- Conspiracy to commit fraud.  (Count 2, paragraphs 131-133);

- Theft and conspiracy to commit theft.  (Count 4, paragraphs 145-148);

- Breach of fiduciary duty and conspiracy to commit breach of fiduciary duty. (Count 5, paragraphs 149-156);

- Restitution or money had and received.  (Count 8, paragraphs 161-163); and

- Attorney's fees under the Texas Theft Liability Act.  (Count 9, paragraph 166).

2

**Arguments and Authorities**

Federal law and procedure are settled that a defendant is entitled to dismissal under Rule 12(b)(6) if the plaintiff's pleading states a recognized claim, but, at the same time, establishes the existence of an affirmative defense which bars that claim. *Thompson v. Deutsche Bank Nat'l Trust Co.*, 775 F.3d 298, 302 (5th Cir. 2014). Where a successful affirmative defense appears on the face of the pleadings, the Fifth Circuit has not hesitated to dismiss the claims under Rule 12(b)(6) with prejudice and this is true as to the affirmative defense of attorney immunity. *Troice v. Proskauer Rose, L.L.P.*, 816 F.3d 341, 350 (5th Cir. 2016).

Similarly, now well settled Texas law provides that attorneys are immune from liability to non-clients for conduct within the scope of the attorney's representation of their client. *Canty Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015). Put differently, an attorney may only have liability to a non-client if the attorney's conduct is outside the scope of his representation of his client or for conduct foreign to the duties of a lawyer. *Id*. at 482.

As stated in an opinion by the Supreme Court of Texas issued earlier this year:

> "We also clarified in *Canty Hanger* that the above inquiry correctly focuses on the *kind* of conduct at issue rather than the *alleged wrongfulness* of said conduct. *Id*. at 483. That is, a lawyer is no more susceptible to liability for a given action merely because it is alleged to be fraudulent or otherwise wrongful. *See id*."

*Youngkin v. Hines*, 546 S.W.3d 675, 681 (Tex. 2018)(emphasis in original).

3

Given this test and this limitation on what is to be considered, some very ignoble alleged conduct by attorneys has been held, as a matter of law, to be immune from liability to non-clients:

- *Youngkin v. Hines*, 546 S.W.3d 675 (Tex. 2018)(During a trial of a land title dispute, the attorney fraudulently lured the opposing party into signing a Rule 11 settlement agreement with no intent for his clients to comply with its terms and then used the time bought by entering into the agreement rather than completing the trial to prepare and file a deed wrongfully asserting ownership over the property at issue.);

- *Canty Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015)(Attorneys conspired with and aided client in falsifying a bill of sale for an airplane to evade ad valorem tax liability under the terms of a divorce decree);

- *Troice v. Proskauer Rose, L.L.P.*, 816 F.3d 341 (5th Cir. 2016)(Lying to the SEC and suborning perjury as part of an effort to aid and abet the crimes and frauds committed in the Stanford Financial Ponzi scheme); and

- *Highland Capital Mgmt., LP v. Looper, Reed & McGraw, P.C.*, 2016 Tex. App. LEXIS 442 (Tex. App.—Dallas 2016, pet. denied)(Lying to opposing counsel in the court about the theft of stolen proprietary information).

Indeed, the analysis of whether attorney immunity exists in a particular case is straightforward in extreme. As held by the Supreme Court of Texas:

"The only facts required to support an attorney-immunity defense are the type of conduct at issue and the existence of an attorney-client relationship at the time. A court would then decide the legal

4

question of whether said conduct was within the scope of
representation."

*Youngkin*, 546 S.W.3d at 683.

The facts recited in COFS's pleading clearly and unambiguously establish the existence
of the attorney immunity defense.  All of the allegations against the Law Firm are based on its
conduct as the attorneys for opposing parties in the state court litigation with COFS.  Similarly,
all of that conduct is of the "kind" that attorneys classically engage in when representing clients
in litigation.

The Law Firm is alleged to have:

- Consulted with and advised its clients regarding various issues and matters which
  were involved in the litigation (conduct related to the alleged awareness of misuse
  of money in the escrow account). (Paragraphs 112 to 116 of Third Amended
  Counter-Claim);

- Communicated with counsel for COFS about matters incident to the litigation.
  (Allegations regarding false or misleading statements to opposing counsel and
  failing to respond to inquiries from opposing counsel).  (Paragraphs 117 and 122);

- Made arguments on behalf of their clients in court.  (Allegations regarding falsely
  asserting that frac sand was available).  (Paragraphs 120 and 121); and

- Sent a letter demanding that money in controversy in the litigation be paid to their
  client.  (Allegations regarding violation of agreement to keep money in escrow
  account "frozen").  (Paragraphs 118, 119, 87 and Exhibit 10).

As stated by the Dallas Court of Appeals:

> "acquiring documents from a client that are the subject of litigation against the client, reviewing the documents, copying the documents, retaining custody of the documents, analyzing the documents, **making demands on the client's behalf**, advising a client to reject counter-demands, speaking about an opposing party in a negative light, **advising a client on a course of action**, and even threatening particular consequences such as disclosure of confidential information if demands ae not met—are the kinds of actions that are part of the discharge of an attorney's duties in representing a party in hard-fought litigation."

*Highland Capital Mgmt.*, 2016 Tex. App. LEXIS 42 at *15. (emphasis added). And, of course, labeling "advising a client on a course of action" as being "in a conspiracy with the client" does not avoid the shield of attorney immunity.

COFS's alleged statutory cause of action against the Law Firm, Texas Theft Liability Act (Count 4) and associated claim for attorney's fees (Count 9) is subject to the defense of attorney immunity. Texas law provides that immunity defenses are valid as to such claims. *Lopez v. Serna,* 414 S.W.3d 890, 896 (Tex. App.—San Antonio 2013, no pet.).

As noted earlier, the sole cause of action asserted against the Law Firm which is not subject to dismissal at this stage is the one for restitution/money had and received (Count 8). The distinction between that count and the others drives home the applicability of the immunity defense to all the other counts: The restitution claim involves allegations regarding the Law Firm as a business entity rather than as the litigation advocate for its clients.

6

Finally, Rule 12(b)(6) dismissals based on attorney immunity are with prejudice. *Troice*, 816 F.3d at 350.

## Conclusion

WHEREFORE, PREMISES, ARGUMENTS, and AUTHORITIES CONSIDERED, Counter-Defendant Rosenblatt Law Firm, P.C. prays that all claims and causes of action asserted by Counter-Plaintiff Complete Oil Field Services, LLC against it, except for restitution/money had and received, be dismissed with prejudice, further praying for such other and further relief as is just or appropriate in the circumstances.

Respectfully submitted,

CLEMENS & SPENCER, P.C.
112 E. Pecan St., Suite 1300
San Antonio, Texas  78205-1531
(210) 227-7121 – Telephone
(210) 227-0732 – Telecopier
spencer@clemens-spencer.com


By: _____/s/ *George H. Spencer, Jr.*_____
        GEORGE H. SPENCER, JR.
        State Bar No. 18921001

        **ATTORNEYS FOR DEFENDANT,
        ROSENBLATT LAW FIRM, P.C.**


## CERTIFICATE OF SERVICE

I certify that on this 17th day of September, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system and served all counsel of record in accordance with the Federal Rules of Civil Procedure.


_/s/ *George H. Spencer, Jr.*_____
George H. Spencer, Jr.

219987/0002356-24851