**IN THE UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **BATES ENERGY OIL & GAS, LLC** | § | |
| | § | |
| **VS.** | § | **C.A. NO. 17-CV-00808-XR** |
| | § | |
| **COMPLETE OIL FIELD** | § | |
| **SERVICES,** | § | |
| **LLC and SAM TAYLOR** | § | |

---

**COUNTER-DEFENDANT MARK B. SYLLA'S ANSWER TO COFS' FOURTH
AMENDED COUNTERCLAIM**

---

Counter Defendant Mark B. Sylla ("Sylla") answers Counter-Plaintiff Complete Oil Field

Services, LLC's ("COFS") Fourth Amended Counterclaim ("Counterclaim") as follows:

1. Sylla denies each and every allegation in the Counterclaim unless hereinafter admitted,

    qualified or otherwise explained. Sylla denies knowledge of and/or participation in the

    improper acts described in Paragraph 1 of the Counterclaim, denies doing any act in

    Texas relating to the allegations and denies doing any act in Wisconsin or elsewhere

    causing damages to COFS. Sylla affirmatively states he was asked to and did take Sam

    Taylor to frac sand sites in Wisconsin, that he was to be paid $1/ton for frac sand shipped

    from those sites, that compliant frac sand was shipped from CSI Sands Ltd. to COFS,

    which COFS delivered to ProPetro and that Sylla was paid $1/ton for the compliant frac

    sand actually delivered.  Sylla lacks sufficient information to form a brief concerning the

    truth of the remaining allegations in Paragraph 1.

2. Sylla admits the jurisdictional facts in Paragraph 2.

3.  Sylla denies the amount in controversy with respect to his involvement in this matter exceeds $75,000 and lacks sufficient information to form a belief concerning the truth of the remaining allegations in Paragraph 3.

4.  Sylla denies the venue facts with respect to his involvement in this matter as stated in Paragraph 4.

5.  Sylla admits the facts regarding parties stated in Paragraph 5.

6.  Sylla admits the facts regarding parties stated in Paragraph 6.

7.  Sylla admits the facts regarding parties stated in Paragraph 7.

8.  Sylla admits the facts regarding parties stated in Paragraph 8.

9.  Sylla admits the facts regarding parties stated in Paragraph 9.

10. Sylla admits the facts regarding parties stated in Paragraph 10.

11. Sylla admits the facts regarding parties stated in Paragraph 11.

12. Sylla admits the facts regarding parties stated in Paragraph 12.

13. Sylla admits the facts regarding parties stated in Paragraph 13.

14. Sylla admits the facts regarding parties stated in Paragraph 14.

15. Sylla admits the facts regarding parties stated in Paragraph 15.

16. Sylla admits the facts regarding parties stated in Paragraph 16.

17. On information and belief, Sylla admits the facts regarding COFS stated in Paragraph 17.

18. Sylla admits the oil and gas fracing industry has been robust, at times, in recent years and that the demand for frac sand, at times, is substantial and competitive. Sylla admits there are numerous companies that are legitimate frac sand suppliers in Wisconsin who have varying amounts and varying quality of frac sand available. Sylla lacks sufficient

Sylla's Answer to Third-Amended Counterclaim

information to form a belief concerning the truth of the remaining assertions in Paragraph 18.

19. Sylla lacks sufficient information to form a belief concerning the truth of the allegationss in Paragraph 19. Sylla affirmatively states that he was to receive $1/ton for assisting in locating compliant frac sand sources in Wisconsin.

20. Sylla admits the allegations in Paragraph 20 are generally true and that $1/ton for assisting with locating frac sand sites meeting these logistical challenges is reasonable and customary in the frac sand industry.

21. Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 21.

22. Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 22.

23. Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 23.

24. Sylla denies the allegation in Paragraph 25 as relating to him. Sylla lacks sufficient information to form a belief concerning the truth of the other allegations in Paragraph 24.

25. Sylla denies the allegation in Paragraph 26 as relating to him. Sylla lacks sufficient information to form a belief concerning the truth of the other allegations in Paragraph 25.

26. On information and belief, Sylla admits COFS entered into a memorandum of understanding with Bates Energy, but denies it was in reliance on any representation by him. Sylla lacks sufficient information to form a belief concerning the truth of the other allegations in Paragraph 26.

27. Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 27.

28. Sylla admits that the frac sand sought was required to be either 40/70 or 100 mesh. Sylla lacks sufficient information to form a belief concerning the truth of the other allegations in Paragraph 28. Sylla affirmatively states he was to receive $1/ton for assisting in locating compliant frac sand sources in Wisconsin.

29. Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 29.

30. Sylla admits the allegations in Paragraph 30 generally describe an escrow agreement and escrow agent.

31. Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 31.

32. Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 32.

33. Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 33. Sylla affirmatively denies he had any involvement in or received any illegal disbursements from any of these accounts.

34. Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 34.

35. Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 35.

36. Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 36.

Sylla's Answer to Third-Amended Counterclaim

37. Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 37.

38. Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 38.

39. Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 39.

40. Sylla lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 40.

41. Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 41.

42. Sylla lacks sufficient information for form a belief as to the truth of the allegations in Paragraph 42.

43. Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 43.

44. Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 44. Sylla affirmatively states that compliant frac sand was shipped from CSI in WI and, on information and belief, the amount was 22,500 tons.

45. Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 45.

46. Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 46.

Sylla's Answer to Third-Amended Counterclaim

47. Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 47. Sylla affirmatively states that compliant frac sand was shipped from CSI in WI, and on information and belief, the amount was 22,500 tons.

48. Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 48.

49. Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 49. Sylla affirmatively states that Compliant frac sand was shipped from CSI in WI and on information and belief the amount was 22,500 tons.

50. In answer to Paragraph 50, Sylla affirmatively states that Sam Taylor came to Wisconsin in May of 2017 and that Sylla took him to multiple sites, including the Wisconsin White Sands Site in Tomah, the High Crush site in Independence, the CSI site in Arcadia and the Industrial Sands site in New Auburn. Sylla informed Sam Taylor that none of those sites had the capacity to deliver quantities in the amount he was seeking. They stopped at three of the sites. On a second trip to Wisconsin in May of 2017, Sam Taylor went back to the CSI site in Arcadia and made arrangements to acquire compliant frac sand and, on information and belief, 22,500 tons of compliant frac sand was shipped and received in June and July of 2017.  Sylla lacks sufficient information to form a belief concerning the truth of the other allegations in Paragraph 50.

51. In answer to Paragraph 51, Sylla affirmatively states that Sam Taylor came to Wisconsin in May of 2017 and that Sylla took him to multiple sites, including the Wisconsin White Sands Site in Tomah, the High Crush site in Independence, the CSI site in Arcadia and the Industrial Sands site in New Auburn. Sylla informed Sam Taylor that none of those sites had the capacity to deliver quantities in the amount he was seeking. They stopped at

Sylla's Answer to Third-Amended Counterclaim

three of the sites. On a second trip to Wisconsin in May of 2017, Sam Taylor went back to the CSI site in Arcadia and made arrangements to acquire compliant frac sand and, on information and belief, 22,500 tons to compliant frac sand was shipped and received in June and July of 2017. Sylla lacks sufficient information to form a belief concerning the truth of the other allegations in Paragraph 51.

52. Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 52. Sylla affirmatively states that compliant frac sand was shipped from CSI in WI and, on information and belief, the amount was 22,500 tons.

53. Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 53. Sylla affirmatively states that compliant frac sand was shipped from CSI in WI, and on information and belief, the amount was 22,500 tons.

54. Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 54.

55. Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 55. Sylla affirmatively states that compliant frac sand was shipped from CSI in WI and, on information and belief, the amount was 22,500 tons.

56. Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 56. Sylla affirmatively states that compliant frac sand was shipped from CSI in WI, and on information and belief, the amount was 22,500 tons.

57. Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 57. Sylla denies any involvement in lies, misrepresentation or fraud by him or with his knowledge.

Sylla's Answer to Third-Amended Counterclaim

58. Sylla admits David Bravo managed Frac Sand Unlimited. Sylla denies Sylla managed or had any involvement in Frac Sand Unlimited. Sylla lacks sufficient information to admit or deny the remaining allegations in Paragraph 58.

59. In Answer to Paragraph 59, on information and belief, Sylla admits, CSI shipped and delivered 22,500 tons of compliant frac sand to COFS in June and July of 2017. Sylla lacks sufficient information to form a belief concerning the truth of the other allegations in Paragraph 59.

60. In Answer to Paragraph 60, on information and belief, Sylla admits CSI shipped and delivered 22,500 tons of compliant frac sand to COFS in June and July of 2017, and further admits he was paid $1/ton for the compliant frac sand with approval by COFS. Sylla lacks sufficient information to form a belief concerning the truth of the other allegations in Paragraph 60.

61. Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 61.

62. Sylla denies that he secretly and systematically raided COFS's escrow funds, denies that he participated in any way in a conspiracy or any improper conduct and denies he knew funds should not have been disbursed absent notice to and consent by COFS. Sylla lacks sufficient information to form a belief concerning the truth of the other allegations in Paragraph 62.

63. Sylla denies the allegations in Paragraph 63 as related to him. It was Sylla's understanding that the $22,500 paid to Sylla in June and July of 2017 was in consideration of the $1/ton for the compliant frac sand shipped and received in June and July of 2017, which on information and belief was 22,500 tons.

64. Sylla denies the allegations in Paragraph 64 as relating to him and denies absconding with $625,000 of COFS's funds. Sylla lacks sufficient information to form a belief concerning the truth of the other allegations in Paragraph 64.

65. Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 65.

66. Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 66.

67. Sylla denies the allegations in Paragraph 67 as relating to him and denies using various techniques to conceal unlawful disbursement of COFS's funds. Sylla lacks sufficient information to form a belief concerning the other allegations in Paragraph 67.

68. Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 68. Sylla affirmatively states that compliant frac sand was shipped from CSI in WI, and on information and belief, the amount was 22,500 tons.

69. Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 69.

70. Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 70.

71. Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 71.

72. Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 72.

73. Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 73.

74. Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 74.

75. Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 75.

76. Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 76.

77. Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 77.

78. Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 78.

79. In answer to Paragraph 79, Sylla admits he received a wire transfer in the amount of $10,000 on or about June 15, 2017. Sylla lacks sufficient information to form a belief concerning the truth of the other allegations in Paragraph 79.

80. In answer to Paragraph 80, Sylla admits he received a wire transfer in the amount of $5,000 on or about June 30, 2017. Sylla lacks sufficient information to form a belief concerning the truth of the other allegations in Paragraph 80.

81. Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 81.

82. Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 82.  Sylla affirmatively states that compliant frac sand was shipped from CSI in WI, and on information and belief, the amount was 22,500 tons.

83. Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 83.

84. In answer to Paragraph 84, Sylla admits he received a wire transfer in the amount of $7,500 on or about July 19, 2017. Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 84.

85. Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 85.

86. Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 86.

87. Sylla denies using Boerne, Texas Company Tier 1 Sands LLC for fraudulent transactions. Sylla lacks sufficient information to form a belief concerning the truth of all remaining allegationss in Paragraph 87.

88. Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 87. Sylla affirmatively states that compliant frac sand was shipped from CSI in WI, and on information and belief, the amount was 22,500 tons.

89. Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 88. Sylla affirmatively states that compliant frac sand was shipped from CSI in WI, and on information and belief, the amount was 22,500 tons.

90. Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 89.

91. Sylla denies the allegations in Paragraph 90 as relating to him. Sylla lacks sufficient information to form a belief concerning the other allegations in Paragraph 90.

92. Sylla lacks information sufficient to form a belief concerning the truth of the allegations in Paragraph 91.

Sylla's Answer to Third-Amended Counterclaim

93. Sylla lacks information sufficient to form a belief concerning the truth of the allegations in Paragraph 92.

94. Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 93.

95. Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 94.

96. Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 95. Sylla affirmatively states that compliant frac sand was shipped from CSI in Wisconsin and, on information and belief, the amount was 22,500 tons.

97. Sylla lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 96.

98. Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 97.

99. Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 98.

100.      Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 99.

101.      Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 100.

102.      Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 101.

103.      Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 102.

Sylla's Answer to Third-Amended Counterclaim

104.     Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 103.

105.     Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 104.

106.     Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 105.

107.     Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 106.

108.     Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 107.

109.     Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 108.

110.     Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 109.

111.     Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 110.

112.     Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 111.

113.     Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 112.

114.     Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 113.

Sylla's Answer to Third-Amended Counterclaim

115.     Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 114. Sylla affirmatively states that compliant frac sand was shipped from CSI in WI, and on information and belief, the amount was 22,500 tons.

116.     Sylla lacks sufficient information to form a belief concerning the truth of the allegation in Paragraph 115.

117.     Sylla denies the allegations in Paragraph 116 as relating to him. Sylla affirmatively states that he was working with David Bravo on other completely unrelated prospective transactions, which transactions were not consummated.

118.     Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 117.

119.     Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 118. Sylla affirmatively states that compliant frac sand was shipped from CSI in WI, and on information and belief, the amount was 22,500 tons.

120.     Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 119. Sylla affirmatively states that compliant frac sand was shipped from CSI in WI and on information and belief the amount was 22,500 tons.

121.     Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 120.

122.     Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 121.

123.     Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 122.

Sylla's Answer to Third-Amended Counterclaim

124.     Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 123.

125.     In answer to Paragraph 124, Sylla denies he is or was an owner of FSU. Sylla affirmatively states that Sam Taylor came to Wisconsin in May of 2017 and that Sylla took him to multiple sites, including the Wisconsin White Sands Site in Tomah, the High Crush site in Independence, the CSI site in Arcadia and the Industrial Sands site in New Auburn. Sylla informed Sam Taylor that none of those sites had the capacity to deliver quantities in the amount he was seeking. They stopped at three of the sites. On a second trip to Wisconsin in May of 2017, Sam Taylor went back to the CSI site in Arcadia and made arrangements to acquire compliant frac sand and, on information and belief, 22,500 tons of compliant frac sand was shipped and received in June and July of 2017.  Sylla denies the other allegations in Paragraph 124.

126.     In answer to Paragraph 125, Sylla denies that the payments made to him were illegal. Sylla affirmatively states that any payments from the escrow account should only have been made with the knowledge of and approval by the parties to the Escrow Agreement.  Sylla affirmatively states that Sam Taylor came to Wisconsin in May of 2017 and that Sylla took him to multiple sites, including the Wisconsin White Sands Site in Tomah, the High Crush site in Independence, the CSI site in Arcadia and the Industrial Sands site in New Auburn. Sylla informed Sam Taylor that none of those sites had the capacity to deliver quantities in the amount he was seeking. They stopped at three of the sites. On a second trip to Wisconsin in May of 2017, Sam Taylor went back to the CSI site in Arcadia and made arrangements to acquire compliant frac sand and, on information and belief, 22,500 tons of compliant frac sand was shipped and received in

Sylla's Answer to Third-Amended Counterclaim

June and July of 2017.  Sylla lacks sufficient information to form a belief concerning the truth of the other allegations in Paragraph 125.

127.     Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 126.

128.     Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 127.

129.     Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 128.

130.     Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 129.

131.     Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 130.

132.     Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 131.

133.     Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 132.

134.     Sylla lacks sufficient information to form al belief concerning the truth of the allegations in Paragraph 133.

135.     Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 134.

136.     Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 135. Sylla affirmatively states that compliant frac sand was shipped from CSI in WI, and on information and belief, the amount was 22,500 tons.

Sylla's Answer to Third-Amended Counterclaim

137.      Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 136.

138.      Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 137.

139.      Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 138.

140.      Sylla denies the allegations in Paragraph 139 as relating to him. Sylla lacks sufficient information to form a belief concerning the truth of the other allegations of Paragraph 139.

141.      Sylla denies the allegations in Paragraph 140 as relating to him and re-asserts the admissions, denials and affirmative statements set forth herein.

142.      These allegations are not made as to Sylla and Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 141.

143.      These allegations are not made as to Sylla and Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 142.

144.      These allegations are not made as to Sylla and Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 143

145.      These allegations are not made as to Sylla and Sylla lacks sufficient information to form a belief concerning the truth of the allegations in Paragraph 144.

146.      Sylla denies the allegations in Paragraph 145 as relating to him. Sylla lacks sufficient information to form a belief concerning the truth of the other allegations in Paragraph 145.

Sylla's Answer to Third-Amended Counterclaim

147.     Sylla lacks sufficient information to form a belief concerning the truth of the allegations of Paragraph 146.

148.     Sylla denies the allegations in Paragraph 147 as relating to him. Sylla lacks sufficient information to form a belief concerning the truth of the other allegations of Paragraph 147.

149.     Sylla denies the allegations in Paragraph 148 as relating to him and re-asserts the admissions, denials and affirmative statements set forth herein.

150.     Sylla denies the allegations in Paragraph 149 as relating to him. Sylla lacks sufficient information to form a belief concerning the truth of the other allegations of Paragraph 149.

151.     The allegations in Paragraph 150 are not made as to Sylla and Sylla lacks sufficient information to form a belief as to these allegations.

152.     Sylla denies the allegations in Paragraph 151 as relating to him and re-asserts the admissions, denials and affirmative statements set forth herein.

153.     The allegations in Paragraph 152 are not made as to Sylla and Sylla lacks sufficient information to form a belief as to these allegations.

154.     The allegations in Paragraph 153 are not made as to Sylla and Sylla lacks sufficient information to form a belief as to these allegations.

155.     The allegations in Paragraph 154 are not made as to Sylla and Sylla lacks sufficient information to form a belief as to these allegations.

156.     The allegations in Paragraph 155 are not made as to Sylla and Sylla lacks sufficient information to form a belief as to these allegations.

Sylla's Answer to Third-Amended Counterclaim

157.     The allegations in Paragraph 156 are not made as to Sylla and Sylla lacks sufficient information to form a belief as to these allegations.

158.     The allegations in Paragraph 157 are not made as to Sylla and Sylla lacks sufficient information to form a belief as to these allegations.

159.     The allegations in Paragraph 158 are not made as to Sylla and Sylla lacks sufficient information to form a belief as to these allegations.

160.     The allegations in Paragraph 159 are not made as to Sylla and Sylla lacks sufficient information to form a belief as to these allegations.

161.     The allegations in Paragraph 160 are not made as to Sylla and Sylla lacks sufficient information to form a belief as to these allegations.

162.     Sylla denies the allegations in Paragraph 161 as relating to him and re-asserts the admissions, denials and affirmative statements set forth herein.

163.     Sylla denies the allegations in Paragraph 162 as relating to him. Sylla lacks sufficient information to form a belief concerning the truth of the other allegations of Paragraph 162.

164.     Sylla denies the allegations in Paragraph 163 as relating to him. Sylla lacks sufficient information to form a belief concerning the truth of the other allegations of Paragraph 163.

165.     Sylla denies the allegations in Paragraph 164 as relating to him. Sylla lacks sufficient information to form a belief concerning the truth of the other allegations of Paragraph 164.

166.     The allegations in Paragraph 165 are not made as to Sylla and re-asserts the admissions, denials and affirmative statements set forth herein.

Sylla's Answer to Third-Amended Counterclaim

167.     The allegations in Paragraph 166 are not made as to Sylla and Sylla lacks sufficient information to form a belief as to these allegations.

168.     The allegations in Paragraph 167 are not made as to Sylla and Sylla lacks sufficient information to form a belief as to these allegations.

169.     The allegations in Paragraph 168 are not made as to Sylla and Sylla lacks sufficient information to form a belief as to these allegations.

170.     The allegations in Paragraph 169 are not made as to Sylla and Sylla lacks sufficient information to form a belief as to these allegations.

171.     The allegations in Paragraph 170 are not made as to Sylla and Sylla lacks sufficient information to form a belief as to these allegations.

172.     The allegations in Paragraph 171 are not made as to Sylla and Sylla lacks sufficient information to form a belief as to these allegations.

173.     The allegations in Paragraph 172 are not made as to Sylla and Sylla lacks sufficient information to form a belief as to these allegations.

174.     The allegations in Paragraph 173 are not made as to Sylla and re-asserts the admissions, denials and affirmative statements set forth herein.

175.     The allegations in Paragraph 174 are not made as to Sylla and Sylla lacks sufficient information to form a belief as to these allegations.

176.     Sylla denies the allegations in Paragraph 175 as relating to him. Sylla lacks sufficient information to form a belief concerning the truth of the other allegations of Paragraph 175.

177.     The allegations in Paragraph 176 are not made as to Sylla and re-asserts the admissions, denials and affirmative statements set forth herein.

Sylla's Answer to Third-Amended Counterclaim

178.     The allegations in Paragraph 177 are not made as to Sylla and Sylla lacks sufficient information to form a belief as to these allegations.

179.     Sylla denies the allegations in Paragraph 178 as relating to him and re-asserts the admissions, denials and affirmative statements set forth herein.

180.     Sylla denies the allegations in Paragraph 179 as relating to him. Sylla lacks sufficient information to form a belief concerning the truth of the other allegations of Paragraph 179.

181.     Sylla denies the allegations in Paragraph 180 as relating to him. Sylla lacks sufficient information to form a belief concerning the truth of the other allegations of Paragraph 180.

182.     Sylla denies the allegations in Paragraph 181 as relating to him and re-asserts the admissions, denials and affirmative statements set forth herein.

183.     Sylla denies the allegations in Paragraph 182 as relating to him. Sylla lacks sufficient information to form a belief concerning the truth of the other allegations of Paragraph 182.

184.     Sylla denies the allegations in Paragraph 183 as relating to him. Sylla lacks sufficient information to form a belief concerning the truth of the other allegations of Paragraph 183.

185.     The allegations in Paragraph 184 are not made as to Sylla and re-asserts the admissions, denials and affirmative statements set forth herein.

186.     The allegations in Paragraph 185 are not made as to Sylla and Sylla lacks sufficient information to form a belief as to these allegations.

187.     The allegations in Paragraph 186 are not made as to Sylla and Sylla lacks sufficient information to form a belief as to these allegations.

188.     The allegations in Paragraph 187 are not made as to Sylla and Sylla lacks sufficient information to form a belief as to these allegations.

189.     The allegations in Paragraph 188 are not made as to Sylla and Sylla lacks sufficient information to form a belief as to these allegations.

190.     The allegations in Paragraph 189 are not made as to Sylla and Sylla lacks sufficient information to form a belief as to these allegations.

191.     The allegations in Paragraph 190 are not made as to Sylla and Sylla lacks sufficient information to form a belief as to these allegations.

192.     Sylla denies the allegations in Paragraph 191 as relating to him and re-asserts the admissions, denials and affirmative statements set forth herein.

193.     Sylla denies the allegations in Paragraph 192 as relating to him. Sylla lacks sufficient information to form a belief concerning the truth of the other allegations of Paragraph 192.

194.     Sylla denies the allegations in Paragraph 193 as relating to him. Sylla lacks sufficient information to form a belief concerning the truth of the other allegations of Paragraph 193.

## **AFFIRMATIVE DEFENSES**

1.  The above Court lacks personal jurisdiction over Mark Sylla.

2.  The above Court lacks venue as relating to the claims against Mark Sylla.

3.  Defendant/Counter-Plaintiff COFS fails to state a claim against Mark Sylla.

4. Defendant/Counter-Plaintiff COFS fails to pled fraud against Mark Sylla with the requisite particularly required by Rule 9(b).

5. The claims of Defendant/Counter-Plaintiff COFS are barred by its own conduct and its own negligence.

6. The claims of Defendant/Counter-Plaintiff COFS are barred by estoppel.

7. The claims of Defendant/Counter-Plaintiff COFS are barred by laches.

8. The claims of Defendant/Counter-Plaintiff COFS are barred by accord and satisfaction.

9. The claims of Defendant/Counter-Plaintiff COFS are barred by waiver.

WHEREFORE, PREMISES CONSIDERED, Counter Defendant Mark Sylla prays that COFS take nothing against him by this suit, that Sylla recover his costs, including reasonable and necessary attorneys fees, and for such other relief as the Court may deem to be just and proper.

**SCHWARTZ LAW FIRM**

Dated: March 5, 2019

_/s/ Michael D. Schwartz_____
Michael D. Schwartz *Pro Hac Vice*
600 Inwood Avenue N.
Suite 130
Oakdale, MN 55128
(651) 528-6800

**Counsel for Mark B. Sylla**