IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **BATES ENERGY OIL & GAS, LLC** § | |
| § | |
| v. § | **CIVIL ACTION SA:17-CV-00808-XR** |
| § | |
| **COMPLETE OIL FIELD SERVICES** § | |
| **LLC AND SAM TAYLOR** § | |

**COUNTER-PLAINTIFF COMPLETE OIL FIELD SERVICES LLC'S
MOTION TO STRIKE PLEADINGS OR DEFENSES OF COUNTER-DEFENDANTS
BATES ENERGY, EQUITY LIAISON COMPANY, AND HOWARD RESOURCES**

Counter-Plaintiff Complete Oil Field Services, LLC ("COFS" or "Counter-Plaintiff") respectfully requests that the Court strike the pleadings or defenses of Bates Energy Oil & Gas, LLC ("Bates Energy"); Equity Liaison Company ("ELC"); and Howard Resources, LLC ("Howard Resources") because none of these Counter-Defendants have legal counsel, and because none of them complied with the Court's related Orders.

In support of this request, COFS states the following:

**I.
COUNTER-DEFENDANTS HAVE NO LEGAL COUNSEL**

**A. Bates Energy**

1. On August 2, 2017, while this lawsuit was still in Texas state court, COFS filed its original counterclaim, naming Bates Energy as a Counter-Defendant, and alleging violations of Texas state law relating to a contractual escrow arrangement and escrow account. Because Bates Energy was already a party plaintiff to the state court action, Bates Energy was served with the original counterclaim through its then counsel, the Rosenblatt Law Firm. A copy of the first page and last page of the counterclaim, reflecting e-filed service, is attached as Exhibit 1.

2.     Bates Energy did not file an answer or otherwise respond to the original counterclaim (or any succeeding counterclaim). It did, however, assert allegations in its amended petition filed in state court that could be viewed as defenses to COFS's counterclaims in this federal action. A copy of Bates Energy's state court First Amended Petition is attached as Exhibit 2. As shown therein, potential defenses that Bates Energy could allege against COFS include but are not limited to prior breach of contract, failure to take delivery or make payment, and tortious interference

3.     On August 23, 2017, COFS removed this case to federal court. (Dkt. No. 1).

4.     On October 20, 2017, counsel for Bates Energy moved to withdraw as counsel. (Dkt. No. 40).

5.     The Court granted the motion to withdraw on October 27, 2017. (Dkt. No. 43). As part of the Order, the Court stated:

> …[T]he Court ORDERS Bates Energy to obtain new legal counsel and cause them to enter an appearance *no later than November 13, 2017*, and before submitting any further filings in this matter. *Failure to obtain counsel will prevent Bates Energy from making filings in this case and may result in the Court striking its pleadings.* (emphasis added).

6.     No new legal counsel has entered an appearance for Bates Energy.

**B.  ELC**

7.     On September 9, 2017, COFS filed its First Amended Counterclaim, adding ELC and its principal Dewayne Naumann as Counter-Defendants. (Dkt. No. 10).[1] ELC and Naumann were both served with the complaint and the summons on September 12, 2017. (Dkt. No. 15).

---

[1] A "second" First Amended Counterclaim was filed two days later, on September 11, 2017 (Dkt. No. 12). The refiling was a result of a deficiency notice notifying COFS that it had inadvertently used the state court style in the September 9 filing. (Dkt. No. 11). This mistake was corrected with the September 11 filing.

8.  On October 13, 2017, ELC filed its original answer and counterclaim/cross-claim against Bates Energy and COFS. (Dkt. No. 36).[2]

9.  On May 22, 2018, COFS filed and served its Third Amended Counterclaim, adding the remaining Counter-Defendants. (Dkt. No. 68).[3]

10. On June 19, 2018, Naumann and ELC filed separate motions to dismiss COFS's Third Amended Counterclaim. (Dkt. Nos. 82 and 83).

11. On August 3, 2018, legal counsel for Equity Liaison Company moved to withdraw from its representation because ELC and Naumann had not complied with the terms of their agreement with their lawyers. (Dkt. No. 101).

12. In an August 15, 2018 text order related to Dkt. No. 101 the Court granted the Motion to Withdraw. The Court further ordered:

> Naumann shall notify the Court whether he intends to proceed pro se or obtain counsel within fourteen days. *Equity Liaison Company, as an entity, may not appear pro se and must obtain new counsel and cause them to enter an appearance within fourteen days*, or move for additional time to do so. The Clerk shall mail a copy of this Order to the last known address for Dewayne Naumann and Equity Liaison Company at 3303 Northland Drive, Suite 307, Austin, Texas 78721. (emphasis added).

13. ELC has not notified the Court that it has obtained new counsel, and it has not attempted to proceed pro se.

14. On January 14, 2019, the Court granted in part and denied in part ELC and Naumann's earlier motions to dismiss COFS's Third Amended Complaint. (Dkt. No. 110). By

---

[2] COFS filed its answer to ELC's counterclaim on November 3, 2017. (Dkt. No. 47).

[3] No "Second" Amended Counterclaim was filed. Rather, the next counterclaim filed was the "Third Amended Counterclaim."

On February 21-22, 2019, COFS filed and served its Fourth Amended Counterclaim adding and removing various claims and allegations. (Dkt. No.116).

this order, ELC's deadline to answer portions of the Third Amended Complaint that survived its motion to dismiss was 14 days later, or January 28, 2019.  *See* FED. R. CIV. P. 12(a)(4))A).

15.     Neither ELC nor Naumann filed an answer.  Neither has made any subsequent filings of any kind since their legal counsel withdrew from representation.

### C. Howard Resources

16.     Howard Resources was added as a Counter-Defendant in COFS's May 22, 2018 Third Amended Counterclaim. (Dkt. No. 68).  Howard Resources was served with the summons and counterclaim, and filed an answer on July 16, 2018, but asserted no affirmative or other defenses. (Dkt. Nos. 89, 92).

17.     Legal counsel for Howard Resources moved to withdraw on August 23, 2018 because Howard Resources had requested that they withdraw. (Dkt. No. 104).[4]  In an August 24, 2018 text order related to Dkt. No. 104, the Court granted the Motion to Withdraw.  The Court further ordered:

> …LLCs such as Howard Resources LLC may not appear in federal court pro se, and must be represented by counsel.  Howard Resources, LLC is therefore directed to obtain new counsel and *cause new counsel to enter an appearance no later than September 12, 2018.  The Clerk is directed to mail a copy of this Order to Howard Resources LLC at its last known address* provided in counsel's motion to withdraw. (emphasis added).

18.     No new legal counsel has entered an appearance for Howard Resources.  Howard Resources has made no filings since filing its July 16, 2018 answer.

---

[4] According to its previous counsel, Howard Resources last known address is 1308 CR 905A, Joshua, Texas  76058. (Dkt. O. 104).

## II.
## AUTHORITIES AND ARGUMENT

19. Bates Energy, ELC, and Howard Resources are Texas corporations or limited liability companies without legal counsel. "[I]t is well established that corporations and LLCs are fictional legal persons who can only be represented by licensed counsel." *U.S. v. Estate of Goehring*, SA-17-CV-1092-XR, 2018 U.S. Dist. LEXIS 55494 (W.D. Tex. Feb. 13, 2018), citing *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02, 113 S. Ct. 716, 121 L. Ed. 2d 656 (1993); *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004) (per curiam); *Joe Hand Promotions, Inc. v. Behind the Fence, LLC,* No. 16-00196, 2016 U.S. Dist. LEXIS 134523, 2016 WL 5416836 (W.D. La. Aug. 22, 2016) ("Under settled interpretations applicable to 28 U.S.C.§ 1654, an LLC may not appear pro se or through a non-attorney in federal court."). *See also Donovan v. Road Rangers Country Junction, Inc.,* 736 F.2d 1004, 1005 (5th Cir. 1984); *K.MA., Inc. v. Gen. Motors Acceptance Corp.*, 652 F.2d 398, 399 (5th Cir. 1982). "When a corporation or LLC declines to hire counsel to represent it, the court may order the LLC to obtain counsel and may strike its defenses if it does not do so." *Estate of Goehring*, citing *Donovan*, 736 F.2d at 1005.

20. The Court ordered Bates Energy to have new legal counsel make an appearance by November 13, 2017. (Dkt. No. 43). It has violated that Order, and now, 17 months later, still has no counsel.

21. The Court ordered ELC to have new legal counsel by August 29, 2018. (Text to Dkt. No. 101). ELC has violated that Order, and, over seven months later, no legal counsel has made an appearance.

22. The Court ordered Howard Resources to have new counsel by September 12, 2018. (Dkt. No. 104). Howard Resources has violated that Order, and seven months later, no legal counsel has made an appearance.

23. Because all of these "artificial" entities failed to hire legal counsel to appear and defend this lawsuit, COFS respectfully requests that the Court strike all of their pleadings or defenses. *Donovan*, 736 F.2d at 1005 (holding district court properly struck the defenses of a corporation who failed to hire counsel).

Wherefore, Counter-Plaintiff Complete Oil Field Services, LLC respectfully requests that the Court grant this Motion to Strike, that it strike any and all defenses which have been presented by these Counter-Defendants, whether by answer or other pleading or filing, and for such further relief to which COFS may be justly entitled.

Dated: May 2, 2019

Respectfully submitted,

*/s/ Lamont A. Jefferson*
Lamont A. Jefferson
State Bar No. 10607800
Lisa S. Barkley
State Bar No. 17851450
JEFFERSON CANO
112 East Pecan Street, Suite 1650
San Antonio, Texas 78205
(210) 988-1811 / Fax: (210) 988-1811
LJefferson@jeffersoncano.com
LBarkley@jeffersoncano.com

**ATTORNEYS FOR DEFENDANTS AND COUNTER-PLAINTIFF**

## **CERTIFICATE OF SERVICE**

I certify that on this 2nd day of May, 2019, I electronically filed the foregoing instrument with the Clerk of the Court using the CM/ECF system and served counsel of record in accordance with the Federal Rules of Civil Procedure.

In addition, this Motion was served on the following parties, who have no counsel, by certified mail, return receipt requested at their last known addresses:

Bates Energy Oil & Gas, LLC
3201 Cherry Ridge
Bldg. B, Ste. B210
San Antonio, Texas 78230

Equity Liaison Company
Dewayne Naumann
3303 Northland Drive
Suite 307
Austin, Texas 78721

Howard Resources, LLC
1308 CR 905A
Joshua, Texas 76058

                                              ___/s/Lisa S. Barkley_____
                                              Lisa S. Barkley