IN THE UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BATES ENERGY OIL & GAS, LLC | § | |
| | § | |
| VS. | § | C.A. NO. 17-CV-00808-XR |
| | § | |
| COMPLETE OIL FIELD | § | |
| SERVICES, | § | |
| LLC and SAM TAYLOR | § | |

___

**COUNTER-DEFENDANT MARK B. SYLLA'S MEMORANDUM IN OPPOSITION
TO COMPLETE OIL FIELD SERVICE, LLC'S
MOTION FOR LEAVE TO FILE SUR-REPLY**
___

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Counter-Defendant, Mark B. Sylla (hereinafter "Sylla") respectfully files this Memorandum in Opposition to the Motion for Leave to File Sur-Reply by Complete Oil Field Service, LLC ("COFS").  (Doc. No. 126).[1]

1. COFS' Motion for Leave to File Sur-Reply should be denied.

2. As acknowledged by COFS, the Federal Rules of Civil Procedure do not authorize the filing of a sur-reply.  (*See* Doc. No. 126, p. 1).

3. Similarly, the Local Rules for the Western District of Texas do not authorize a sur-reply absent leave of Court.  *See* Local Rule CV-7.

---

[1] Much of yesterday, including when COFS' attorney called at 3:16 p.m., counsel for Sylla was in conference with clients who had just lost their 23 year old son in a fatal head on collision. The Motion was filed by COFS at 4:44 p.m. before the call could be returned.

4. Notwithstanding the prohibition against filing sur-replies, COFS requests this Court's leave to file a sur-reply. But as set forth herein, each of COFS' arguments are misplaced and, as a result, the Motion for Leave to File Sur-Reply (Doc. No. 126) should be denied.

5. COFS initially argues that Sylla raised the absence of summary judgment evidence for the first time in his Reply. (*See* Doc. No. 126, p. 1). This is simply not true. To the contrary, Sylla's original Memorandum in Support of Motion for Summary Judgment made abundantly clear that Sylla moved for summary judgment as a result of a stunning lack of any factual support for COFS' claims against Sylla, asserting in relevant part:

- "24. During discovery, Sylla propounded interrogatories to COFS requiring COFS to identify each act on the part of Sylla upon which COFS bases its various allegations against Sylla, including the date and place of the act, each individual with personal knowledge of the act and each document evidencing the act. (Affidavit of Michael D. Schwartz ("Schwartz Affidavit"), ¶2)." (Doc. No. 119, p. 7).

- "25. In response, COFS submitted no facts, identified no acts and identified no individuals with personal knowledge of any acts to support their allegations against Sylla. (Schwartz Affidavit ¶3)." (Doc. No. 119, p. 7).

- "In response to discovery requests by Sylla, COFS has disclosed no facts, no witnesses and no documents upon which to base its claims against Sylla and Summary Judgment dismissing the claims against Sylla is appropriate." (Doc. No. 119, p. 2).

2

Counter-Defendant Mark B. Sylla's Memorandum of Law in Opposition to Complete Oil Field Services, LLC's Motion for Leave to File Sur-Reply

- "Moreover, COFS has not identified any facts, has not identified any acts, has not identified any individuals with personal knowledge and has wholly failed to provide any factual basis in support of this Count." (Doc. No. 119, p. 10).

- "In addition to the facts set forth above and in the absence of any facts supporting the allegation of conversion, COFS has also failed to demand return of the $22,500 paid to Sylla." (Doc. No. 119, p. 11).

- "COFS has provided no factual support for its allegations on any of the Counts in the Fourth Amended Counterclaim asserted against Sylla." (Doc. No. 119, p. 12).

6. Sylla's original Memorandum made clear that the focal point of Sylla's Motion for Summary Judgment was the lack of any facts to support the claims asserted by COFS – the party with the burden of establishing its claims against Sylla.

7. Likewise, Sylla's Reply Memorandum highlighted COFS' failure to provide any factual support for COFS' claims against Sylla. Sylla did not assert a new argument in this regard via his Reply – it has been his position throughout the pending Motion for Summary Judgment that these claims should have never been brought against him by COFS as the claims lack factual and legal support.

8. COFS next argues that "Sylla's Reply also contains statements and inferences about evidence that are incorrect and that were not in the Motion." (Doc. No. 126, p. 2). This is not a basis for filing a sur-reply which is limited to, if granted, the presentation of new legal theories or new evidence – neither of which are applicable here. *See Murray v. TXU Corp.*, 2005 WL 131412 at *4 (N.D. Tex. May 27, 2005). Further, COFS misunderstands the standard here. Because there is no evidence in the record to support any of the claims against Sylla, Sylla is not required to prove a double negative. Rather, Sylla set forth the

3

Counter-Defendant Mark B. Sylla's Memorandum of Law in Opposition to Complete Oil Field Services, LLC's Motion for Leave to File Sur-Reply

elements of the claims asserted against him and consistently pointed out that the record was devoid of factual support in both his original Memorandum and in his Reply for the requisite elements of the respective claims:

- "24. During discovery, Sylla propounded interrogatories to COFS requiring COFS to identify each act on the part of Sylla upon which COFS bases its various allegations against Sylla, including the date and place of the act, each individual with personal knowledge of the act and each document evidencing the act. (Affidavit of Michael D. Schwartz ("Schwartz Affidavit"), ¶2)" (Doc. No. 119, p. 7);

- "In response, COFS submitted no facts, identified no acts and identified no individuals with personal knowledge of any acts to support their allegations against Sylla. (Schwartz Affidavit ¶3)" (Doc. No. 119, p. 7);

- "This necessarily requires a meeting of the minds on the object or course of action." (Doc. No. 119, p. 8);

- "Sylla made no material misrepresentations to COFS that were false, that were either known to be false when made, or were asserted without knowledge of the truth, that Sylla intended to be acted upon by COFS, that were relied upon by COFS and that caused injury to COFS." (Doc. No. 119, p. 8);

- "Sylla had no involvement in the establishment of the escrow agreement. Sylla had no involvement in the disbursements from the escrow account. Monies received by Sylla were sent only after compliant frac sand was delivered to COFS from the site in Arcadia, Wisconsin that Sylla located, disclosed and introduced to Sam Taylor as COFS President." (Doc. No. 119, p. 9);

4

Counter-Defendant Mark B. Sylla's Memorandum of Law in Opposition to Complete Oil Field Services, LLC's Motion for Leave to File Sur-Reply

- "COFS has identified no act on the part of Sylla that would support its allegations of theft and conspiracy to commit theft." (Doc. No. 119, p. 9);

- "Moreover, COFS has not identified any facts, has not identified any acts, has not identified any individuals with personal knowledge and has wholly failed to provide any factual basis in support of this Count." (Doc. No. 119, p. 10);

- "In addition to the facts set forth above and in the absence of any facts supporting the allegation of conversion, COFS has also failed to demand return of the $22,500 paid to Sylla." (Doc. No. 119, p. 11);

- "Nowhere in its response does COFS set forth any representation made by Mark Sylla that was false or that was reasonably relied upon by COFS to its detriment." (Doc. No. 125, p. 2);

- "COFS has failed to provide admissible evidence in support of each element of each claim against Sylla and, as a result, summary judgment is appropriate." (Doc. No. 125, p. 6);

- "Clearly, there were no misrepresentations by Sylla to COFS relating to the availability of sand; Sylla accurately told COFS' representative Sam Taylor that none of the mines toured with Sylla were mines doing business with Bates Energy and Sylla informed Taylor that Bates Energy was not doing business with any of the mines Taylor inquired about." (Doc. No. 125, p. 6);

- "Further, COFS cites to no facts establishing any meeting of the minds between Sylla and any co-conspirator. This too is fatal to COFS' claim as a meeting of the minds is an essential element to COFS' conspiracy claim." (Doc. No. 125, p. 7);

5

Counter-Defendant Mark B. Sylla's Memorandum of Law in Opposition to Complete Oil Field Services, LLC's Motion for Leave to File Sur-Reply

- "Further, COFS does not provide any facts to dispute Sylla's competent and admissible Affidavit that he received $22,500.00 from COFS/ELC's own escrow only after COFS authorized the payment of $1,000,000 and CSI shipped and delivered compliant frac sand to COFS." (Doc. No. 125, p. 8);

- "COFS does not present any admissible evidence disputing that the $22,500.00 paid to Sylla was as a result of Sylla's involvement in locating, disclosing and introducing COFS representative Sam Taylor to the CSI site in Arcadia, Wisconsin." (Doc. No. 125, p. 8); and

- "COFS has not and cannot set forth any facts to support a necessary element of its conversion claim – specifically that Sylla exercised dominion and control over the $22,500.00 in an unlawful and unauthorized manner." (Doc. No. 125, p. 9).

9. An alleged misrepresentation (which is vehemently denied), is not a basis for filing a sur-reply, which is only appropriate if new legal theories are raised or new evidence is presented in the reply. *See Murray*, at *4.

10. Finally, COFS' argument that Sylla misrepresented the facts in this record is simply inaccurate. The record, or more accurately the lack of a record supporting any of COFS' claims against Sylla, is clear and concise – there are no facts to support the claims against Sylla. While COFS may have viable claims in this case, they certainly are not against Sylla. The claims of COFS against Sylla should be dismissed in their entirety.

11. Moreover, an alleged misrepresentation (which is vehemently denied), is not a basis for

12. Sylla's original Memorandum made clear that this case is ripe for summary judgment.

13. Sylla's Reply Memorandum made clear that this case is ripe for summary judgment.

6

Counter-Defendant Mark B. Sylla's Memorandum of Law in Opposition to Complete Oil Field Services, LLC's Motion for Leave to File Sur-Reply

14. There was no new evidence presented or argument raised in Sylla's Reply Memorandum and, as a result, COFS' request to file a sur-reply should, respectfully, be denied.

Dated: May 30, 2019

Respectfully submitted,

**SCHWARTZ LAW FIRM**

 /s/ Michael D. Schwartz
Michael D. Schwartz *Pro Hac Vice*
600 Inwood Avenue N.
Suite 130
Oakdale, MN 55128
(651) 528-6800
Mschwartz@mdspalaw.com

7

Counter-Defendant Mark B. Sylla's Memorandum of Law in Opposition to Complete Oil Field Services, LLC's Motion for Leave to File Sur-Reply