IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BATES ENERGY OIL & GAS, LLC | § | |
| | § | |
| v. | § | CIVIL ACTION: SA:17-CV-00808-XR |
| | § | |
| COMPLETE OIL FIELD SERVICES LLC AND SAM TAYLOR | § § | |

PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

FOR COUNTER DEFENDANTS DAVID BRAVO, LORENA BRAVO,

AND FRAC SAND UNLIMITED

To the Court:

Counter-Defendants David Bravo ("Bravo"), Lorena Silvestri Bravo ("Lorena"), and Frac Sand Unlimited ("FSU") ("collectively the "Bravo Defendants") offer the following proposed finding of fact and conclusions of law.

**FINDINGS OF FACT**

1. Bravo was not an employee of Bates Energy.

2. Bravo never received a paycheck from Bates Energy.

3. Bravo was never the Chief Operating Officer of Bates Energy.

4. Bravo served as a consultant for Bates Energy.

5. Bravo served as an agent for Bates Energy in attempting to procure sand for Bates Energy.

6. None of the Bravo Defendants ever met with Stan Bates and Dewayne Naumann together at which time they discussed or planed a conspiracy through which they could remove money from the escrow account established by the April 2017 Escrow Agreement between COFS and Equity Liaison Company7, LLC ("Equity") (the "Escrow Agreement" or the "Escrow Account").

7. The payments Bravo received from the Escrow Account in June and July of 2017 reimbursed Bravo for expenses incurred in attempting to procure sand for Bates Energy.

8. Bravo provided the Proof of Funds letter so that he could acquire sand for Bates Energy.

9. None of the Bravo Defendants reached agreement with Bates and/or Naumann on a plan for removing money from the Escrow Account.

10. Lorena played no role in any of Bravo's activities related to Bates, Naumann, or COFS.

11. It happened that Lorena's name was on a bank account in which Bravo deposited funds he received for expenses incurred in seeking sand for Bates, Naumann, and/or COFS, but she played no role in securing those funds.

12. FSU was established solely for the purpose of supporting Bravo's activities as an agent and consultant in procuring sand for Bates.

13. With respect to the transaction involving Tier I, COFS was aware the sand existed.

14. Bravo's invoice on the Tier I sand was for demurrage.

15. Bravo did not get paid twice on the Tier 1 sand.

**CONCLUSIONS OF LAW**

1. No conspiracy existed between any of the Bravo Defendants and Bates and/or Naumann.

Proposed Findings of Fact and Conclusion of Law for Counter Defendants David Bravo, Lorena Bravo and Frac Sand Unlimited

Page 2

2. No meeting of the minds occurred between any of the Bravo Defendants and Bates and/or Naumann on the object of a conspiracy.

3. None of the Bravo Defendants agreed with Bates and/or Naumann on any object or course of action in connection with the Escrow Account, COFS, or any of its business.

4. Bravo bears no responsibility for any loss substained by COFS.

5. FSU bears no responsibility for any loss substained by COFS

6. Lorena bears no responsibility for any loss substained by COFS.

Respectfully submitted,

/s/ Rob L. Wiley
Rob L. Wiley
Texas Bar No. 21471650
Southern District Id. No. 9210
STEWART & WILEY PLLC
2202 Timberloch, Suite 110
The Woodlands, TX 77380
Phone: (281) 367-8007
Facsimile: (281) 363-4987
E-mail: Rwiley@StewartWiley.com

ATTORNEY FOR COUNTER DEFENDANT
UNLIMITED FRAC SAND LLC,
D/B/A/ FRAC SAND UNLIMITED

CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2020, I electronically filed the foregoing instrument with the Clerk of the Court using the CM/ECF system and served all counsel of record in accord in the Federal Rules of Civil Procedure.

/s/ Rob L. Wiley
Rob L. Wiley

Proposed Findings of Fact and Conclusion of Law for Counter Defendants David Bravo, Lorena Bravo and Frac Sand Unlimited

Page 3