# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **BATES ENERGY OIL & GAS, LLC, ET AL.** | § § § | |
| **v.** | § § | **CASE NO. 5:17-CV-808 (RCL)** |
| **COMPLETE OIL FIELD SERVICES, LLC, ET AL.** | § § § | |

---

## JEFFERSON CANO'S AMENDED APPLICATION FOR AWARD OF ATTORNEYS' FEES AND COSTS, AND MEMORANDUM IN SUPPORT

---

TO THE HONORABLE ROYCE C. LAMBERTH, UNITED STATES DISTRICT JUDGE:

The law firm Jefferson Cano, counsel for Counter-Plaintiff Complete Oil Field Services, LLC ("COFS"), files this AMENDED APPLICATION FOR AWARD OF ATTORNEYS' FEES AND COSTS, AND MEMORANDUM IN SUPPORT.

Jefferson Cano respectfully seeks this Court's approval for compensation of professional services and reimbursement of nontaxable expenses for the Application Period.

### AMENDED FEE APPLICATION SUMMARY

- Requesting Applicant: Jefferson Cano, counsel for COFS.

- Application Period: July 1, 2017 through August 25, 2020.

- Total Fees Requested: $397,807.22 (Fees of $452,154.50 minus $54,347.28, which is one-third recovered from settlements based on its contingency fee agreement).[1]

- Total Expenses Requested: $1,608.50.

---

[1] COFS's pretrial settlement amounts totaled $163,041.85.  One-third of this amount is $54,347.28.

EXHIBIT 1

EXHIBIT 1

## REASON FOR AMENDMENT

Jefferson Cano amends its Application for these reasons:

- To correct (and reduce) the amount of fees requested.

- To limit (and reduce) the amount of nontaxable expenses requested.[2]

- To identify the causes of action that allow recovery of attorneys' fees and expenses.

- To refine certain factual statements and legal arguments.

- To comply with the Local Rules.

Jefferson Cano does not seek to recover attorneys' fees or costs it has incurred for preparing either this Amended Application, or the related Motion for Leave to File this Amended Application, both of which were prepared outside the Application Period.

### I.   JURISDICTION

1.     Jefferson Cano's Amended Application is submitted in accordance with FED. R. CIV. P. 54, and by virtue of the various Texas state statutes referenced herein.

### II.   RELIEF REQUESTED

2.     COFS incurred attorneys' fees for services rendered by Jefferson Cano in the amount of $452,154.50.  *See* Exhibit 1.D. attached to the Declaration of Lamont Jefferson, Exhibit 1.  Prior to trial, COFS settled with two parties for the total sum of $163,041.85. Based on COFS's 1/3 contingency fee agreement with Jefferson Cano, Jefferson Cano has already received attorneys' fees in the amount of $54,347.28.

---

[2] COFS is filing a separate Bill of Costs requesting recovery of taxable costs under 28 U.S.C. § 1920.

3.      Consequently, COFS seeks an award of fees in the total amount of **$397,807.22**, which represents the total amount of $452,154.50 that was incurred for services rendered, less the one-third that has already been recovered of $54,347.28.

4.      COFS seeks recovery of nontaxable expenses it incurred of $1,608.50, representing costs incurred to serve the Counter-Defendants with the Counterclaim, and to serve two Counter-Defendants with the Fourth Amended Counterclaim.

### III.      GROUNDS FOR RECOVERY

5.      The Court granted COFS's motions for default judgment against Counter-Defendants Bates Energy Oil & Gas, LLC ("Bates Energy"), Equity Liaison Company ("ELC"), Howard Resources, LLC ("Howard Resources"), and Dewayne Naumann pursuant to FED. R. CIV. P. 54. Dkt. Nos. 183, 184.  Under Rule 54(d), costs are to be awarded to the prevailing party as a matter of course, unless the Court directs otherwise.

6.      In particular, the Court granted COFS's motion for default judgment against Bates Energy and ELC on its breach of contract claim.  Dkt. No. 183, p. 11.  By statute Texas provides for attorneys' fee awards and costs in cases in which a party brings a successful claim for breach of contract. TEX. CODE ANN. CIV. PRAC. & REM. § 38.001(8).

7.      The Court also granted COFS's motion for default judgment against Bates Energy, ELC and Naumann on COFS's DTPA claim, TEX. BUS. & COM. CODE, § 17.45, *et seq*.  Dkt. No. 183, p. 18.  The DTPA provides that "[e]ach consumer who prevails shall be awarded court costs and reasonable and necessary attorneys' fees." TEX. BUS. & COM. CODE § 17.50(d).

8.      The Court further granted COFS's motion for default judgment against all defaulting Counter-Defendants on its Texas Theft Liability Act claim ("TTLA").  TEX. CIV. PRAC. & REM. CODE § 134.002. These include Bates Energy, ELC, Howard Resources, and Dewayne

Naumann.  Dkt. No. 183, p. 11.  The Court also found David Bravo and Frac Sand Unlimited ("FSU") liable for theft under the same statute after the two-day bench trial. Dkt. No. 182, p. 21. The TTLA provides that "[e]ach person who prevails . . . shall be awarded court costs and reasonable and necessary attorney's fees." TEX. CIV. PRAC. & REM. CODE § 134.005(b).  *See Spear Mktg., Inc. v. BancorpSouth Bank*, 844 F.3d 464, 470 (5th Cir. 2016).  "The award of attorney's fees under this section to the prevailing party is mandatory." *Corral—Lerma v. Border Demolition & Envtl., Inc.*, 420 S.W.3d 59, 61 (Tex. App.—El Paso 2012, no pet.) (citing *Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998).  In addition, the Court found favorably and rendered judgment for COFS against all Counter-Defendants with the exception of Tier 1 Sands, and for most of the claims asserted by COFS against the individual Counter-Defendants.

## IV.  FACTUAL AND PROCEDURAL BACKGROUND

9.      On July 20, 2017, Bates Energy sued COFS and COFS's principal Sam Taylor in Bexar County, Texas district court.

10.     COFS counterclaimed against Bates Energy, and on August 23, 2017 removed the case to federal court. Dkt. No. 1. COFS amended its counterclaim on September 11, 2017 to add ELC and Dewayne Naumann as Counter-Defendants. Dkt. No. 12. COFS amended its counterclaim again on April 23, 2018 to add Counter-Defendants Howard Resources, FSU, David Bravo, Lorena Bravo, the Rosenblatt Law Firm, Mark Sylla, and Tier 1 Sands. Dkt. No. 66-1.

11.     COFS settled with the Rosenblatt Law Firm on or about October 10, 2018.  Dkt. No. 107.  COFS settled with Mark Sylla on the eve of trial, on or about February 20, 2020.  Dkt. No. 156.  The two-day bench trial was held on March 2-3, 2020.

12.     On August 11, 2020, the Court entered its Final Judgment. Dkt. No. 186. The Court awarded damages to COFS in the amount of $652,146.22, less any amount received in settlement.

The Court held David Bravo, FSU, Bates Energy, ELC, Dewayne Naumann, and Howard Resources each jointly and severally liable for the $652,146.22, and David Bravo and Lorena Bravo jointly and severally liable for a separate $47,500. *Id.* The same day, the Court published two memorandum opinions: one with respect to *non-defaulting* Counter-Defendants (David Bravo, Lorena Bravo, FSU, and Tier 1 Sands) and another with respect to *defaulting* Counter-Defendants (Bates Energy, Dewayne Naumann, ELC, and Howard Resources).  Dkt. Nos. 182 and 183.

13.  Pursuant to the Court's Final Judgment, COFS's attorneys submit this briefing on the question of entitlement to and amount of attorneys' fees and nontaxable expenses under FED. R. CIV. P. 54(d)(2)(A)–(B), and under Texas state statutes and other authority.

## V.   SUMMARY OF SERVICES OF APPLICANT

14.  Jefferson Cano performed legal services in connection with this case, expending a total of 1,155.60 hours of attorney and paralegal time. The reasonable value for the services rendered by Jefferson Cano is $452,154.50. After deducting one-third recovered settlement funds of $54,347.28, the total amount of fees sought is $397,807.22.  In addition, Jefferson Cano incurred and seeks to recover reasonable out-of-pocket expenses of $1,608.50, consisting of expenses to serve Counter-Defendants with the counterclaim, and to serve two Counter-Defendants (Dewayne Naumann and ELC) with the Fourth Amended Counterclaim by process server after it became evident they were evading COFS's attempted service by certified mail.

15.  The Declaration of Lamont Jefferson is attached as **Exhibit 1** and is incorporated by reference herein. The Declaration addresses the reasonableness of the hours and hourly rates included in Jefferson Cano's Amended Application.

16.  The resumes of attorneys working on the matter are attached to the Declaration as **Exhibit 1.A** through **Exhibit 1.E.**

17.     **Exhibit 1.F** reflects Jefferson Cano's time entries and charges as they were recorded reasonably contemporaneously with the services performed. These statements include (a) the date the services were performed, (b) the identity of the person performing the services, (c) a description or itemization of the services rendered, (d) the standard hourly rate for the person providing such services, (e) the amount of time spent on those services, and (f) the total amount billed or billable for such services based on the hourly rate and the amount of time spent on the services.

18.     **Exhibit 1.G** is a summary of all expenses incurred from July 1, 2017 through August 24, 2020 broken down by (a) date, (b) timekeeper, (c) cost type and description of the cost incurred, (d) the amount of the cost incurred, and (e) the amount that was billed.

19.     **Exhibit 1.H** is a summary of nontaxable expenses incurred July 1, 2017 through August 24, 2020 for which Jefferson Cano seeks recovery.  It is essentially a subset of **Exhibit 1.G**., and reflects (a) the date the cost was either incurred or billed, (b) the identity of this case, (c) the responsible attorney, in this case LAJ or Lamont A. Jefferson, (d) the type of expense, here all were service of process, (e) description of the expense, or who was served, and (f) the amount of the cost incurred.

20.     **Exhibit 1.I** is a copy of the invoices reflecting the costs incurred as shown in **Exhibit 1.H.** for process server expenses.

21.     **Exhibit 2** is a copy of the State Bar of Texas survey of median attorney fee rates that were charged by lawyers in Texas based on a survey taken in 2016.

22.     **Exhibit 3** is a summary by timekeeper of the hours billed to the litigation and their individual billing rate.

23.     **Exhibit 4 i**s the supporting document required by Local Rule CV-7(j); Mr.

Jefferson's Declaration contains the certification required by the Local Rule.

24.     In a nutshell, however, the time expended included the following:

    a.     Four amended counterclaims.

    b.     Ten Counter-Defendants.

    c.     Ten causes of action (besides the injunctive relief)

    d.     Four hearings on temporary or preliminary injunctions/TROs.

    e.     Two Counter-Defendants filing two separate Motions to Dismiss.

    f.     One Counter-Defendant filing a Motion for Summary Judgment.

    g.     Multiple filings related to potentially defaulting parties or parties without

        counsel or failing to answer pleadings

## VI.  ARGUMENT AND AUTHORITIES

25.     An award of attorneys' fees is entrusted to the sound discretion of the district court.

*Tex. Commerce Bank Nat'l Ass'n v. Capital Bancshares, Inc*., 907 F.2d 1571, 1575 (5th Cir. 1990).

26.     State law controls both the award of and the reasonableness of fees awarded where

state law supplies the rule of decision." *Mathis v. Exxon Corp*., 302 F.3d 448, 461 (5th Cir. 2002).

Federal courts sitting in diversity typically apply the lodestar method in calculating reasonable

attorneys' fees under Texas law. *See, e.g., Rappaport v. State Farm Lloyds*, 2001 U.S. App. LEXIS

30884, 2001 WL 1467357, at *3 (5th Cir. 2001) (per curiam) (citing *Hensley v. Eckerhart*, 461

U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983) (describing the lodestar as the "most useful

starting point for determining the amount of a reasonable fee"); *see also Gordon v. Quicksilver Jet

Sales, Inc*., 2010 U.S. Dist. LEXIS 83457, 2010 WL 3239266, at *1 (W.D. Tex. Aug. 16, 2010)

(using the lodestar to calculate attorneys' fees for plaintiff asserting breach of contract claim under Texas law).

27.     The computation of a reasonable attorneys' fee award is a three-step process: (1) determine the nature and extent of the services provided by counsel; (2) set a value on those services according to the customary fee and quality of the legal work; and (3) adjust the compensation on the basis of the other *Johnson* factors that may be of significance in the particular case. *Johnson v. Ga. Highway Express, Inc*., 488 F.2d 714, 717-19 (5th Cir. 1974) (*see also, Edwards v. Aaron Rents, Inc*., 482 F.Supp.2d 803, 811 (W.D. Tex. 2006) (court multiplies number "by the hourly rate that the court deems reasonable for similarly complex, non-contingent work…This product results in the 'lodestar'."). The twelve *Johnson* factors are: (1) time and labor required, (2) novelty and difficulty of issues, (3) skill required, (4) loss of other employment in taking the case, (5) the attorneys' customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by client or circumstances, (8) amount involved and results obtained, (9) counsel's experience, reputation, and ability, (10) case undesirability, (11) nature and length of relationship with the client, and (12) awards in similar cases. *Dillard Dep't Stores, Inc. v. Gonzales*, 72 S.W.3d 398, 414 (Tex. App. - 2002, pet. denied), citing *Johnson*, 488 F.2d at 717-719.

28.     Steps one and two are a computation of the "lodestar" amount. Both the hours worked and the hourly rate must be reasonable, and the Court considers only the hours spent on the successful claims. *See Hensley*, 461 U.S. at 433-34 (holding that the most useful starting point for determining reasonableness of fees is the reasonable number of hours spent multiplied by a reasonable hourly rate – the lodestar).

29.     In the last step, the lodestar can be adjusted on the basis of the other factors enumerated in *Johnson*. That is, once the basic fee is calculated, the Court may adjust the amount

upward or downward.  This adjustment is made by applying the factors identified in *Johnson*. Rarely are all factors applicable, however, and a trial judge may give them different weights.  *See Hensley*, 461 U.S. at 433-434. *See also*, *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995).  The lodestar is presumptively reasonable and should be modified only in exceptional cases. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).

30.    Finally, the Local Rules of the Western District of Texas require a party seeking attorney's fees to submit supporting document organized chronologically by activity or project, listing the attorney's name, date and hours expended on particular projects.  *See* W.D. Tex. Local Rule  CV-7(j). This document is attached as **Exhibit 4**, and the required certification is part of Lamont Jefferson's Declaration in **Exhibit 1**.

31.    Thus, here, the fee setting procedure providing for recovery of attorneys' fees begins with an examination of the nature and extent of the services rendered by Jefferson Cano. The exhibits to this Application set forth the detail of hours spent by each professional and the rates billed for all the time for which compensation is sought and expenses for which reimbursement is sought, broken down by date. The exhibits and the summaries allow the Court to examine the services that Jefferson Cano has provided, the identities of the attorneys and its paralegal who have worked on the case, the amount of time spent performing each task, and the reasonable compensation for these services. *See, e.g.,* **Exhibits 1.A – 1.I.**  Moreover, Jefferson Cano has attached the Jefferson Declaration where Lamont Jefferson has testified that the requested billing rates are reasonable rates based on his experience and knowledge of the prevailing market rates charged by attorneys in Texas and in particular the areas around Austin and San Antonio.

32.     Under the *Johnson* approach, this Court is guided to determine the number of hours reasonably spent in defending the claims brought against COFS and Sam Taylor, and then pursuing counterclaims against a number of Counter-Defendants, multiplied by a reasonable hourly rate for the services performed.

33.     *Lodestar Calculation – Number of Hours*.  As attested to by Lamont Jefferson in his Declaration at Exhibit 1 as he discusses the *Johnson* factors, Jefferson Cano attorneys and its paralegal expended 1,155.60 hours providing necessary and reasonable services incident to their service as Counsel for COFS for the Application Period. The attorneys expended time and labor in seeking to dissolve or vacate the original TRO Bates Energy obtained *ex parte* against COFS in state court, and then seeking to compel pre-temporary-injunction-hearing discovery from Bates Energy. The TRO was subsequently found to be void and dissolved by the state court judge. Thereafter, after potential mediation/settlement discussions were unsuccessful, and after Stan Bates evaded service of hearing subpoenas, COFS drafted a counterclaim against Bates Energy for fraud; rescission; breach of contract; theft; equitable accounting; and sought an application for writ of attachment and declaratory relief.  Bates Energy again sought injunctive relief in an amended pleading.  After a 2-day injunction hearing, and a trial brief by Jefferson Cano, a different state court judge again denied Bates Energy's application for temporary injunction against COFS and Sam Taylor in its entirety.

34.     Once the case was removed to federal court, and after ELC and Naumann had been added as Counter-Defendants, the Court held a hearing and entered a lengthy Order and TRO on September 13, 2017 against the Counter-Defendants, restraining them from further disposing of the escrow funds, and ordering ELC and Naumann to provide a detailed accounting of all funds that came into their possession, and other financial information. They were further ordered to

appear for a hearing on COFS's motion for a preliminary injunction.  The information produced at the injunction hearing assisted COFS in preparing their amendment of their counterclaim to bring in seven more Counter-Defendants as COFS began unraveling the web of deception and theft. However even the information ordered produced by the Court from Naumann and ELC was incomplete and redacted, further complicating the investigation of wrongdoing.  Accordingly, Jefferson Cano brought a motion seeking to enforce the injunctive relief.

35.     After service of its amended counterclaim, Naumann and ELC filed Rule 12 Motions to Dismiss, which Jefferson Cano responded to.  ELC also filed a counterclaim against COFS, which Jefferson Cano answered.  Thereafter, time was expended to address the Rule 26(f) status report, the Scheduling Order, a protective order and sealing efforts, and efforts to have the Court approve the release of funds to COFS that ELC and Naumann had deposited into the registry of the Court. Thereafter, COFS filed its third amended counterclaim to add new culpable parties. Naumann and ELC again filed Rule 12 Motions to Dismiss, as did Mark Sylla, all of which Jefferson Cano responded to. COFS filed its fourth and final counterclaim on February 21, 2019, not adding any parties, but adding certain claims and refining others, as described in its February 4, 2019 Motion for Leave to File Fourth Amended Counterclaim. Thereafter, Jefferson Cano responded to Mark Sylla's Motion for Summary Judgment on the counterclaim and also filed a sur-reply.  Sylla was not successful in his Motion

36.     Because several parties were no longer represented by counsel, Jefferson Cano filed motions seeking to strike or otherwise set up potential defaults and/or subsequent default judgments of Counter-Defendants.  This included for the Counter-Defendant companies Bates Energy, Howard Resources and ELC, none of whom had legal counsel. Attempting to prove service of the Fourth Amended Counterclaim on Naumann and ELC was difficult as two tries to

send them the pleading by certified mail were unsuccessful. The green card was never returned, and the post office had no explanation on either occasion.  Finally, a process server was used. Jefferson Cano used additional briefing to obtain a default for Naumann.

37.     Extensive time was used to prepare the Pretrial Order (no other counsel assisted), and to prepare for trial and to participate in trial.  All in all, there were roadblocks along the way in addressing the continuing effect of parties whose counsel had withdrawn, or who retained new counsel, seeking default and/or motions for default for parties that had no legal counsel or that had not responded to amended counterclaims, difficulties in preparing and submitting an agreed pretrial order, service issues and avoidance of service, and preparing for and attending a two-day bench trial.  Finally, and generally, the conspiracy between and among the Counter-Defendants gave rise to many causes of action, and investigating, unraveling, and describing the actionable and concealed conduct by the various parties took substantial time and resources.

38.     *Lodestar Calculation – Reasonable hourly rate –* Assuming the Court finds that the number of hours billed by Jefferson Cano are reasonably compensable, the Court must next "select an appropriate hourly rate based on prevailing community standards for attorneys of similar experience in similar  cases." *Alberti v. Klevenhagen*, 896 F.2d 927, 930 (5th Cir. 1990) (quoting *Sims v. Jefferson Downs Racing Ass'n*, 778 F.2d 1068, 84 (5th Cir. 1985).  The Court must determine the prevailing market rates based upon the rates in the community in which the district court sits. *Tollet v. City of Kemah*, 285 F.3d 357, 568 (5th Cir. 2002).

39.     Jefferson Cano believes that $250 to $500/hour is a reasonable and customary rate and range for the type of work done in this case by the attorneys based on their experience and credentials, and that $175/hour is appropriate for its paralegal.  This Court has upheld similar hourly rates for attorneys. *See Meesook v. Grey Canyon Family Medicine, P.A*., Civ. No. 5:13-cv-

729-XR, 2014 WL 5040133 (W.D. Tex. October. 8, 2014) (finding a rate of $400/hour to be reasonable for an attorney of similar credentials and experience in an FSLA case, six years ago) (Rodriguez, J); *Chacon v. City of Austin, Tex*., Civ. No. A-12-CA-226-SS, 2015 WL 4138361, at *6 (July 8, 2015) (finding a rate of $450/hour in a § 1983 case to be reasonable based on nothing more than the lawyer's own affidavit stating his experience and credentials) (Sparks, J.); *see also, Gromer v. Mack*, Civ. No. 3:11-CV-0682-D, 2012 WL 28835, at *3 (N.D. Tex. January 4, 2012) (finding that a $135/hour rate for a paralegal was reasonable).

40.     The State Bar of Texas 2015 Hourly Fact Sheet for Texas lawyers has a category for the Median Hourly Rates by Firm Size and Region.[3]  *See* **Exhibit 2,** p. 13.  At the time of this survey, attorneys Lamont Jefferson, Emma Cano, and Lisa Barkley were working with Haynes and Boone in San Antonio, a firm with over 400 attorneys worldwide. The median hourly rate for this category for San Antonio was $421, and for Austin the median rate was $459. *See* Exhibit 2, p. 13.  At the end of 2015, they left Haynes and Boone with one other litigator to open up the litigation firm Jefferson Cano, a firm with four lawyers.  They reduced their rates from those charged at Haynes and Boone, but maintained rates much more substantial than the $225-297 median billable rate in 4-lawyer offices in San Antonio and Austin during the same time period that is reflected in the State Bar of Texas survey.  *Id.* "Judges in the San Antonio Division regularly take judicial notice of the Rate Report." *Chaves v. Cogent Med. Lab., LLC*, 2020 U.S. Dist. Lexis 156631 (W. D. Tex. August 28, 2020), citing *Rodriguez v. Mech. Tech. Serv*s., No. 1:12-CV-710-DAE, 2015 U.S. Dist. LEXIS 164079, 2015 WL 8362931, at *6 (W.D. Tex. Dec. 8, 2015) (collecting cases).   These median rates are the starting point for evaluating the reasonableness of

---

[3] *See* State Bar of Texas, 2015 Attorney Hourly Fact Sheet, available at:
https://www.texasbar.com/AM/Template.cfm?Section=Archives (last visited October 27, 2020)

a requested rate but must be adjusted to account for other factors, including the nature and complexity of the litigation, the billing attorneys' specific credentials, and the size of the billing attorneys' firm. *See Furlow, v. Bullseye Oilfield Services, LLC*, No. 5:15-cv-1156-DAE, 2019 U.S. Dist. LEXIS 59436, 2019 WL 1313470, at \*3 (W.D. Tex. Jan. 3, 2019).  These factors weigh in favor of approval of the rates Jefferson Cano has requested.

41.     Jefferson Cano has broken down its hours and rates by timekeeper as follows:

| TIMEKEEPER | HOURS CLAIMED | RATE REQUESTED | TOTAL FEE REQUESTED |
|---|---|---|---|
| Lamont Jefferson | 321.4 | $500 | $160,700.00 |
| Lisa Barkley | 716.9 | $375 | $268,837.50 |
| Aaron Reitz | 9.1 | $295 | $2,684.50 |
| Emma Cano | 1.8 | $425 | $765 |
| Stacy Rogers Sharp[4] | 7.3 | $250 | $1,825.00 |
| Theresa Grimmett (Paralegal) | 99.1 | $175 | $17,342.50 |
| **Grand Total** | **1,155.6** | | **$452,154.50** |

42.     Jefferson Cano can be considered a boutique litigation firm with highly experienced lawyers that are well-known in the legal community, who have billed higher in the past than the rates requested above, and who have been successful in achieving good results in complex

---

[4] Ms. Rogers Sharp works by contract with the Jefferson Cano firm.

litigation matters.  Based on this, the evidence, and legal authorities, Jefferson Cano submits that the "lodestar" is the amount of $452,154.50. Jefferson Cano seeks no adjustment of the lodestar based on the *Johnson* factors.

43.     Finally, an application for attorneys' fees usually must be segregated by claims for which fees are recoverable and claims for which they are not. *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 313 (Tex. 2006). However, "the associated fees need not be segregated" when the attorneys' "legal services advance both recoverable and unrecoverable claims that . . . are intertwined." *A.G. Edwards & Sons, Inc. v. Beyer*, 235 S.W.3d 704, 710 (Tex. 2007). Here, COFS's multiple causes of action—fraud, conspiracy, theft/TTLA, DTPA, breach of fiduciary duty, and breach of contract—are both legally and factually intertwined, and thus are not amenable to segregation. *See City of Waco v. Kleinfelder Cent., Inc.*, 2017 U.S. Dist. LEXIS 12134 at *10 (W.D. Tex. 2017) (citing favorably the above fee-segregation cases).

## VI.  EXPENSES

44.     Jefferson Cano has incurred costs and expenses in connection with its representation of COFS in this case in the total amount of $9,817.77. Jefferson Cano has maintained careful records of those amounts, and they are itemized for the period in **Exhibits 1.G. and 1.H.** However, Jefferson Cano seeks to recover in this Amended Application only its nontaxable expenses of $1,608.50.

45.     Nontaxable expenses are recoverable on a motion to the court under Rule 54(d)(2) along with attorney's fees. FED. R. CIV. P. 54(d)(2) ("claim for attorneys' fees and related nontaxable expenses") & Advisory Comm. Note to 1993 Am. ("This new paragraph establishes a procedure for presenting claims for attorneys' fees, whether or not denominated as 'costs.' It applies also to requests for reimbursement of expenses, not taxable as costs, when recoverable under

governing law incident to the award of fees."). *Tubby v. Allen*, 2019 U.S. Dist. LEXIS 160831 (E.D. Tex. Sept. 3, 2019), citing *RD Legal Funding, LLC v. Erwin & Balingit, LLP*, 2011 U.S. Dist. LEXIS 2137, 2011 WL 90222, *4-5 (S.D. Cal. Jan. 10, 2011).  *See also*, Texas Rule of Civil Procedure 131, "The successful party in suit shall recover of his adversary all costs incurred therein, except where otherwise provided."  And, Texas Civil Practice & Remedies Code § 31.007(b)(4) permits a court to include in an award of costs, "such other costs and fees as may be permitted by these rules and state statutes."

46.     Although private process service costs are not recoverable as taxable costs in federal court, they are recoverable by prevailing parties under Texas state laws as reasonable costs. *See* above.  Moreover, this Court awarded $85 costs incurred to serve a party with a process server in a default action in a § 1983 action.  *See Jane Doe v. Jackie "Jack" Len Neal*, 2015 U.S. Dist. LEXIS 97160, Civ. Action No. 5:15-CV-00102-XR (July 24, 2015).  The Court also awarded $675 in private process server costs in *Joe Hand Promotions, Inc. v. SNP Hookah Lounge & Grill, LLC*, 2019 U.S. Dist. LEXIS 127961, Civ. Action No. 4:18-0155 (S.D. Tex. July 31, 2019) where persons aggrieved by 47 U.S.C. 605 were permitted to recover "full costs" and not merely taxable costs under 28 U.S.C. § 1920.

47.     Rule 54(d)(2) explains that attorneys' fees and related nontaxable expenses may only be recovered by the prevailing party if provided by statute. Here:

a.  TEX. CODE ANN. CIV. PRAC. & REM. § 38.001(8) permits the recovery of costs if the claim is for breach of an oral or written contract.

b.  The DTPA, TEX. BUS. & COM. CODE § 17.50(d), provides that "[e]ach consumer who prevails shall be awarded court costs and reasonable and necessary attorneys' fees."

   c.  Tex. Civ. Prac. & Rem. Code § 134.005(b),  the Texas Theft Liability Act, provides that "[e]ach person who prevails . . . shall be awarded court costs and reasonable and necessary attorney's fees."

48.    As shown in Exhibit 1.E and the documentation attached thereto, all of the nontaxable expenses related to service of process expenses for the Counter-Defendants for service of the counterclaim, most of whom resided outside of San Antonio, Texas. The costs are explained as follows:

   a.  Service of *Stanley Bates* cost $278, and was expensive because Mr. Bates appeared to evade service.  The process server made several attempts at four addresses. Bates' addresses included Boerne, Texas.  His business address was located in San Antonio, Texas, but neighbors reported he appeared to move out about the time this litigation began.  (Cost included $30 rush fee)

   b.  Service of *Dewayne Naumann* for $425 is intended to also include service of Naumann's company and Counter-Defendant *ELC*.  Naumann lives in Austin, Texas and ELC has a business address in Austin.  Two attempts were necessary for each party for each address.  Of the total, $115 consisted of copy costs for the pleadings.  (Cost included $100 rush fee).

   c.  Service of *James Rosenblatt* and *Amalia Holbert* for $360 reflects service of two Counter-Defendants: the *Rosenblatt Law Firm*, and *Tier One Sand*. The Rosenblatt Law Firm was located in San Antonio and Tier One was believed to have been located in the Boerne, Texas area, in Kendall County.  But, service was unsuccessful there, and required a two hour drive to a Fall Springs address. (Cost included $60 rush fee)

d.      Service of *Howard Resources* for $200 reflects service of this Counter-Defendant in Fort Worth, rather than in Joshua, Texas which is the address of its registered address. The process server traveled to both locations.

e.      Service of *Mark Sylla* for $105 reflects service of Mr. Sylla in Wisconsin.

f.      Service of *Frac Sand Unlimited* for $142.50 reflects service of it after attempting service of its registered agent, *David Bravo*, at two separate locations in the Houston, Texas area.

g.      Service of *Lorena Silvistri Bravo* d/b/a Bravo Consulting Services for $142.50 reflect service of her after attempting service at two separate locations in the Houston, Texas area.

h.      Service of *David Bravo* for $47.50 reflects service of him on the first attempt and at the original location.

i.      Service of *Dewayne Naumann* for $91.00 is intended to also reflect service for ELC of the Fourth Amended Counterclaim after two attempts to serve the counterclaim by certified mail failed, and because at the time and nature of the proceedings it was necessary to prove that these two Counter-Defendants had received this pleading.

49.     Some of the invoices above contain "rush" expenses totaling $190.  The total amount of costs, less the rush expenses, is $1,608.50

50.     These expenses are reasonable and necessary, and the Applicant requests reimbursement for such expenses in the total sum of $1,608.50.

51.     Finally, COFS contends that all judgment debtors should be jointly and severally liable for the entire fee recovery.  Although some Counter-Defendants were more active in their

defense of COFS's claims than others, a bench trial was necessary to establish COFS's damages regardless of the zealousness of any particular party's defense.  *See* Dkt. No. 147.

## VII. PRAYER

WHEREFORE, PREMISES CONSIDERED, the Applicant Jefferson Cano respectfully asks this Court to enter an order granting approval of the fees incurred by Jefferson Cano requested in this Application in this case during the Application Period in the amount of $397,807.22 for services rendered, and $1,608.50 in in reasonable nontaxable expenses, plus any further relief, general or equitable, to which the Applicant may be justly entitled.

Dated: October 30, 2020

Respectfully submitted,

*/s/ Lamont A. Jefferson*
Lamont A. Jefferson
State Bar No. 10607800
Lisa S. Barkley
State Bar No. 17851450

**JEFFERSON CANO**
112 East Pecan Street, Suite 1650
San Antonio, Texas 78205
(210) 988-1811
LJefferson@jeffersoncano.com
LBarkley@jeffersoncano.com
AReitz@jeffersoncano.com

**ATTORNEYS FOR COMPLETE OIL FIELD SERVICES, LLC**

## Certificate of Conference

This certifies that Jefferson Cano attempted to confer with counsel for the Bravo parties and counsel for Dewayne Naumann and ELC, and also with Howard Resources.  Jefferson Cano received no response from counsel, and the email to Howard Resources bounced back stating that it was not a valid email address.  Accordingly, the amended application is submitted to the Court for its consideration.

*/s/ Lisa S. Barkley*
Lisa S. Barkley

## CERTIFICATE OF SERVICE

I certify that on October 30, 2020, I electronically served this Application on all counsel of record and electronically filed it with the Court:

Morris E. "Trey" White III
VILLA & WHITE LLP
1100 NW Loop 410, #802
San Antonio, TX 78213
treywhite@villawhite.com
***Counsel for Tier 1 Sands***

Rob L. Wiley
STEWART & WILEY, PLLC
2202 Timberloch Place, Suite 110
The Woodlands, TX 77380
rwiley@stewartwiley.com
***Counsel for David Bravo,***
***Lorena Bravo, and Frac Sand***
***Unlimited***

Shanon Keith Stanfield
R. Alex Conant
AMINI & CONANT, LLP
408 West 11th Street, 5th Floor
Austin, TX 78701
shanon@aminiconant.com
alex@aminiconant.com
***Counsel for Equity Liaison Company and***
***Dewayne Naumann***

Michael D. Schwartz
Schwartz Law Firm
600 Inwood Ave. N, Suite 130
Oakdale, MN 55128
mschwartz@mdspalaw.com
***Counsel for Mark Sylla***

The following parties are not represented by legal counsel, and were served with this Application by U.S. Mail in accordance with the Federal Rules of Civil Procedure:

Bates Energy Oil & Gas, LLC
3201 Cherry Ridge
Bldg. B, Ste. B210
San Antonio, Texas 78230
sbates@tssoil.com

Howard Resources, LLC
1308 CR 905A
Joshua, Texas 76058
austin@howardresourcesllc.com

Equity Liaison Company

Dewayne Naumann
3303 Northland Drive
Suite 307
Austin, Texas 78721
dnaumann@equityliaison.com

/s/ Lisa S. Barkley
Lisa S. Barkley