## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BATES ENERGY OIL & GAS, LLC, ET AL. | § § § | |
| v. | § § | CASE NO. 5:17-CV-808 (RCL) |
| COMPLETE OIL FIELD SERVICES, LLC, ET AL. | § § § | |

### DECLARATION OF LAMONT A. JEFFERSON

I, Lamont A. Jefferson, hereby declare as follows:

1.  My name is Lamont A. Jefferson. I am over 18 years of age, of sound mind, and capable of making this affidavit.

2.  I am Member of the law firm Jefferson Cano, and one of the attorneys representing Counter-Plaintiff Complete Oil Field Services, LLC ("COFS") in the above-captioned case. My firm was retained to represent COFS and Sam Taylor on or about July 25, 2017 and I have been serving as counsel-in-charge since that time. I am intimately and personally familiar with all aspects of this litigation.

3.  As explained and supported below, in my opinion the reasonable and necessary attorneys' fees for services rendered in representing COFS in this case between July 1, 2017 and August 25, 2020 amount to $452,154.50, less one-third recovered settlement funds of $54,347.28, for a net amount of fees of $397,807.22. In addition, the law firm incurred reasonable nontaxable costs in the amount of $1,608.50.

### QUALIFICATIONS

4.  I am an attorney duly licensed to practice in the State of Texas and before the United States Supreme Court, the Fifth Circuit Court of Appeals, and the United States District Courts for

the Western, Northern, and Southern districts of Texas. I am a managing member at Jefferson Cano and have practiced law there since December 2015. Before that, I was a shareholder at Haynes and Boone in the San Antonio office where I practiced for 19 years. I served as President of the San Antonio Bar Association in 2006 and 2007.

5.     I received my J.D. in 1984 from the University of Texas School of Law and my B.A. in 1981 from Rice University in Houston.

6.     I have more than 30 years of first-chair trial experience and have tried more than 70 jury cases to verdict, representing plaintiffs and defendants in all phases of litigation in state and federal court and in national and international arbitration proceedings. I have substantial experience in the litigation of complex cases.

7.     I have been named by *Woodward/White, Inc.* as one of The Best Lawyers in America – Commercial Litigation, Appellate Law and Bet-the-Company Litigation (2003-2010); Best Lawyers in America – Trusts & Estates Litigation (2012-2015); and "2016 Lawyer of the Year" in Bet-the-Company Litigation. I have been named by *Law and Politics* and *Texas Monthly* as a Texas Super Lawyer – Business Litigation (2003-2014); a Top 100 Texas Super Lawyer – Business Litigation (2010); and a Top 50 Central Texas Super Lawyer (2005-2014). I received an Ethical Life Award from the Association of Corporate Counsel, South/Central Texas Chapter (2010), and have a Martindale Hubbell® Peer Review Rating of AV® Preeminent™.

8.     I am a member of various legal organizations and have served on numerous committees and councils including the American Bar Association Section of Litigation (Member and Co-Chair of Commercial and Business Litigation Committee); American College of Trial Lawyers (Fellow, inducted 2004); American Law Institute (Member, 2004 to present); Texas Association of Defense Counsel (Former Area Vice President); American Inns of Court (Master,

Local President, 2008-2009); Texas Equal Access to Justice Foundation (Board Member, 2007); State Bar of Texas (Member, Board of Directors, 2007-2010); State Bar's Court Administration Task Force, Technology Oversight, Client Security Fund, and Supreme Court Advisory Committees (Member); Texas Bar Foundation (Sustaining Life Fellow); Texas Bar Foundation (Former Member, Board of Trustees); San Antonio Bar Association (Member, Board of Directors, and District Courts and Federal Courts Committee, President 2006-2007); and Texas Supreme Court Rules Advisory Committee (Member since 2005). More details regarding my professional experiences are listed on the attached curriculum vitae at Exhibit 1.A.

9.     As a result of my 30-plus years of experience as trial counsel, I have substantial experience in the billing process of litigation counsel, in the supervision of other attorneys, and in coordinating the professional efforts of others for the effective prosecution or defense of commercial litigation. I am familiar with the reasonable fees at the prevailing market rates charged by attorneys in the State of Texas and particularly in central Texas, including the areas in and around Austin and San Antonio.

10.    I have previously served and testified as an expert on reasonable and necessary attorney's fees and costs, both for cases in which I was involved in the underlying litigation, and for cases where I was not involved in the underlying lawsuit. I have never been stricken as an expert witness, or otherwise been prevented from testifying as an expert witness by a court.

## CERTIFICATION UNDER LOCAL RULE CV-7(J)

11.    I have reviewed Exhibit 4 that is attached to Jefferson Cano's Amended Application for attorneys' fees and costs. It summarizes chronologically activities and projects by timekeepers in this litigation, and shows the hours and rates incurred for each group of projects. This schedule was made from the original records attached as Exhibit 1.F. to my Declaration. I certify that the

hours expended were actually expended on the topics stated, and I certify that the hours expended and the rates claimed are reasonable.

## GOVERNING STANDARDS AND APPLICATION

12.     In rendering the opinions contained in this Declaration, I have considered the non-exclusive factors outlined in Texas Disciplinary Rule of Professional Conduct 1.04(b) for determining the reasonableness of a fee and also the factors in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[1]  The *Johnson* factors are:

   a.     the time and labor required for litigation;

   b.     the novelty and complexity of the issues;

   c.     the skill required to properly litigate the issues;

   d.     whether the attorneys had to refuse other work to litigate the case;

   e.     the attorneys' customary fee;

   f.     whether the fee was fixed or contingent;

   g.     whether the client or case circumstances imposed any time constraints;

   h.     the amount involved and the results obtained;

   i.     the experience, reputation, and ability of the attorneys;

---

[1] The Texas Disciplinary Rule is similar to and the factors overlap *Johnson*: (1) The time and labor required, the novelty and difficult of the questions involved, and the skill requisite to perform the legal service properly; (2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) The fee customarily charged in the locality for similar legal services; (4) The amount involved and the results obtained; (5) The time limitations imposed by the client or by the circumstances; (6) The nature and length of the professional relationship with the client; (7) The experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) Whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

**EXHIBIT 1**

j.      whether the case was undesirable;

k.      the type of attorney-client relationship and whether the relationship was longstanding; and

l.      awards made in similar cases.

13.     The most reasonable way to allocate fees in this case is by using the lodestar method. Federal (and Texas) courts routinely use the lodestar method to determine reasonable and necessary fees. The lodestar method is a process that involves multiplying the number of hours reasonably worked on a case by the prevailing hourly rates for similar work (the lodestar); and then determining whether the resulting amount reflects a reasonable fee based on those factors discussed in *Johnson*, as well as similar factors in *Arthur Andersen* case and Disciplinary Rule 1.04(b); *see also,  Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469 (Tex. 2019);  *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 759 (Tex. 2012). The Supreme Court of Texas has held that the lodestar "presumptively produces a reasonable fee." *El Apple I*, 370 S.W.3d at 765. In an exceptional case, the lodestar may be enhanced to produce a reasonable fee. I do not believe that an enhancement is necessary in this case.

14.     Texas courts generally require that time and activity records be kept on a reasonably contemporaneous basis for fee shifting purposes under the lodestar methodology. Our firm maintained contemporaneous billing and cost records, summaries of which are as attached as Exhibit 1.D through 1.H. (Bills for costs are attached as Exhibit 1.I.) The invoices amount to professional fees in the total amount of $452,154.50. In my opinion, based on my experience and consideration of the factors contained and referenced herein, the amount of attorney's fees and costs incurred by COFS, for which it seeks to recover, are reasonable and were necessary to incur. These fees were incurred with respect to COFS's claims for fraud, conspiracy, theft, breach of

**EXHIBIT 1**

fiduciary duty, breach of contract, money had and received, and other claims. With respect to the *Johnson* factors:

A. <u>Time and labor required for litigation</u>. Jefferson Cano attorneys and its paralegal spent 1,155.60 hours over the course of three years providing necessary and reasonable services incident to their role as counsel for COFS for the Application Period. The labor and services they provided are *described in detail* in the billing records/invoices and *are further summarized* in the Amended Application to which this Declaration is attached. Those descriptions and summaries are incorporated by reference.

B. <u>The novelty and complexity of the issues.</u>  This case did not present any novel issues, but it did present difficult issues to the extent it involved numerous Counter-Defendants who worked together to take COFS's escrow money, and to conceal their actions. Further, it was difficult to trace the client's escrow funds that were commingled by the escrow agent and escrow company with the Counter-Defendants' other funds and repeatedly moved among and between multiple bank accounts.  Other difficult issues included a multi-state case with COFS residing in Utah, and the bad actions taking place both in Texas and Wisconsin.  Further difficulty involved determining the proper causes of action to assert against the various Counter-Defendants, and addressing economic loss theories and other defenses asserted against the claims.

C. <u>The skill required to properly litigate the issues.</u> Taking cases through trial is always complex and requires both skill and experience.  This case involved multiple issues and multiple parties, four of whom appeared for and defended against the claims asserted. Approximately 65 exhibits were admitted into evidence; approximately 107 items were on COFS's proposed exhibit list.  This case required the skills of true commercial

**EXHIBIT 1**

litigators.  I have identified the attorneys working on this matter below, and their CVs

are attached to this Declaration, showing their experience, skills and qualifications.

D.  The preclusion of other employment by attorneys due to acceptance of this case.

Jefferson Cano did not decline any other legal business based on the fact that the firm

was handling this matter.

E.  Whether the fee is fixed or contingent.  This case began as an hourly case in July 2017

but converted to a one-third contingency fee case beginning early in the case, on

October 1, 2017.

F.  Time limitations imposed by the client or other circumstances.  Time constraints in this

case were substantial at times as shown by several of the exhibits.  The emergency

nature of the injunctive relief requested and sought required immediate attention both

in state and federal court at the initial part of the case and until the Federal Court entered

a preliminary injunction halting further depletion by Counter-Defendants of the escrow

funds, and compelling them to deposit the remaining escrow funds into the registry of

the Court.  The remainder of the case did not impose similar time limitations or

constraints.

G.  The amount involved and results obtained.  The case began as a claim for the recovery

of $1 million in escrow funds.  The judgment that this Court has entered substantially

vindicates the claims of our client.[2]  COFS was not successful with respect to its

---

[2] While "the amount of damages awarded is not the sole determining factor" of whether an attorney's fee award is reasonable, attorney's fees must bear some reasonable relationship to the amount in controversy. *City of Waco, id.* at *20, citing *Sharifi v. Steen Auto., LLC,* 370 S.W.3d 126, 153 (Tex. App.—Dallas 2012, no pet.). In fact, many Texas courts consider the degree of the plaintiff's overall success "the most critical factor in in determining the reasonableness of a fee award." *Farmers Grp. Ins., Inc. v. Poteet,* 434 S.W.3d 316, 333 (Tex. App.—Fort Worth 2014, pet. denied) (citing *Smith v. Patrick W.Y. Tam Trust,* 296 S.W.3d 545, 548 (Tex. 2009)). However, "there is no rule that fees cannot be more than actual damages," *Sharifi,* 370 S.W.3d at 153, and fee amounts even three times the amount of actual damages have been found reasonable. *See Murrco Agency, Inc. v. Ryan,* 800 S.W.2d 600, 602 (Tex. App.—Dallas 1990, no pet.).

**EXHIBIT 1**

conversion cause of action, or with its one claim against Tier 1 Sands for restitution (money had and received).  It was also not successful on its breach of fiduciary duty/conspiracy to commit breach of fiduciary duty against David Bravo and FSU. And, COFS was not successful on its theft cause of action against Lorena Bravo. In all other matters and multiple claims against the multiple Counter-Defendants, COFS was successful and obtained good results.

H.  The experience, reputation, and ability of the attorneys. The attorneys representing COFS are able, experienced, and conscientious practitioners in the Western District of Texas and in federal and state courts generally. Their CVs are attached. he paralegal working on this case is proficient with significant (over 35 years) experience in similar matters.

   a.  Besides me, as above, Ms. Barkley also billed time to this matter.  She is a lawyer with more than 30 years of commercial litigation experience with Thompson Knight, Haynes and Boone and Jefferson Cano.  She has held a Martindale Hubbell® Peer Review Rating of AV® Preeminent™ for over 20 years.  Given the nature of this matter, this case required the active involvement of two lawyers in order to handle the matter competently and efficiently.

   b.  Emma Cano also billed time to this matter.  She is an honors graduate of Texas Tech University School of Law and is an attorney with almost 20 years of commercial litigation experience with Haynes and Boone and Jefferson Cano.

   c.  Stacy Rogers Sharpe has worked on a contract basis with Jefferson Cano, and she has billed time to the case.  She is a graduate of the University of Texas School of Law and served as a clerk to the Honorable Lee Yeakel, U.S. District

Judge for the Western District of Texas.  She began her career practicing commercial trial and appellate litigation at Baker Botts LLP.

    d.  Aaron Reitz also billed time to this matter.  He is a 2017 graduate of the University of Texas School of Law, clerked on the Texas Supreme Court, and has been litigating commercial disputes for a couple of years.  He was with Jefferson Cano for a short period before accepting a position with the Attorney General's office.

I.  <u>The customary fee</u>.  The exhibits and summaries to this Application set forth the hourly rates at which compensation is requested. These rates are believed to be no greater, and in some cases less, than those being charged by attorneys for similar matters in the Western District of Texas by attorneys with similar backgrounds and experience. The rates requested are the usual and standard rates billed by Jefferson Cano attorneys' and paralegal in our other legal matters.  I believe each of the billed rates below are reasonable hourly rates for the particular timekeeper.

    a.  My standard rate during my handling of this matter was $500/hour, an amount which would be a reasonable hourly rate considering all relevant factors.

    b.  Ms. Barkley billed her time on this matter at her standard rate of $375.

    c.  Ms. Cano billed her time at her standard rate of $425.

    d.  Mr. Reitz billed his time at his standard rate of $295.

    e.  Ms. Rogers Sharpe billed her time at her standard rate of $250.

    f.  Ms. Grimmett billed her time at her standard rate of $175.

J.  <u>The "undesirability" of the case</u>. This case was not undesirable.

**EXHIBIT 1**

K.  The type of attorney-client relationship and whether the relationship was longstanding. COFS was a new client for Jefferson Cano in this matter, and it is an excellent relationship. Jefferson Cano and an affiliate of COFS, with similar principals, are working together on a different matter.

L.  Awards in similar cases. We have recovered similar awards for similar services. Most recently in a commercial fraud case that we tried to a jury in a case styled, *Barish, et. al v. Language People, Inc., et al.*, Cause No. D-1-GN-16-000042, in the 126th District Court of Travis County, Texas in 2018, our firm recovered judgment in the amount of $156,797.15, plus $334,797.15 in reasonable and necessary attorneys' fees. The case was affirmed on appeal by the Austin Court of Appeals.

My name is Lamont A. Jefferson. My date of birth is January 5, 1959, and my address is 112 East Pecan, Suite 1650, San Antonio, Texas 78205. I declare under penalty of perjury that the foregoing is true and correct.

Executed in San Antonio, Bexar County, Texas on the 30th day of October, 2020.


Lamont A. Jefferson

**EXHIBIT 1**